### DANIEL SWETT *vs.* JOHN S. PENRICE et ux.

It has been decided by this court in several cases, that where a married woman claims property by virtue of the act of 15th of February, 1839, no action at law can be maintained against her for the purpose of charging that property with a debt.

The same rule prevailed prior to the passage of that law, where a separate estate was owned by a married woman.

She could charge her separate estate; but it could only be held liable for debts so contracted, in a court of chancery. *Held,* that Mrs. P. was not liable at law on the contract sued upon.

If the wife deals in fact, not as the agent of the husband, but in her own right, in reference to her separate estate, and the credit is given to her and not to the husband, the party intending to charge her, not her husband, then he is not liable for the contract so made.

In error from the circuit court of Washington county ; Hon. P. W. Tompkins, judge.

Daniel Swett filed in the court below, his complaint against John S. Penrice and Amelia E., his wife, setting forth that the wife owned in her own right ·separate property from her husband, that a tavern was carried on in her own name, under the husband's management, and that she, by her husband, purchased of plaintiff, groceries, provisions, and other articles necessary and proper for carrying on said tavern ; and that the husband, on a settlement, executed his said wife's note in her name, to plaintiff, for the sum of $227.16, payable one day after

Swett *v.* Penrice et ux.

date; and $130 was paid on said note; but the balance is due and unpaid. Judgment was demanded against both husband and wife, to be levied of her separate property.

The defendants demurred generally, and the demurrer was sustained, and plaintiff prayed a writ of error.

*W. C. & A. K. Smedes,* for plaintiff in error.

*T. A. Marshall,* for defendants in error.

Mr. Justice Yerger delivered the opinion of the court.

This suit was instituted on a promissory note executed on the 14th day of February, 1846, for Amelia E. Penrice, by her husband, John S. Penrice. The declaration avers that Mrs. Penrice was the owner of certain real estate separate and apart from her husband, on which a tavern was situated, conducted, and carried on in her own name; and that the note sued on was given for supplies used in the business of the tavern.

A general demurrer was filed, and sustained by the court as to both defendants. This contract was made before the passage of the act of 28th February, 1846; and, therefore, we need not refer to the provisions of that statute in considering this case.

This court has decided in several cases, that where a married woman claims property by virtue of the act of 15th February, ⁻1839, no action at law can be maintained against her for the purpose of charging that property. *Davis* v. *Foy,* 7 S. & M. 64; *Frost* v. *Doyle,* Ib. 78; *Doty* v. *Mitchell,* 9 Ib. 435.

The same rule prevailed prior to that act, where a separate estate was owned by a married woman. It is true she could charge the separate estate; but it could only be held liable for the debts so created by her, in a court of equity.

These principles and decisions establish clearly that Mrs. Penrice was not liable at law on the contract sued upon; and as to her, the demurrer was rightfully sustained.

But it is said that it ought to have been overruled as to the husband, because the husband is liable for all contracts made by the wife with his assent.

Upon this point, we think the rule was correctly laid down

by Lord Abinger, in the case of *Freestone* v. *Butcher*, 9 Car. & Payne, 643. " The general rule is, that a husband is not bound by the contracts of his wife, except she acts as his agent. In many cases the jury may infer the agency, as when orders are given by the wife in those departments of her husband's household which she has under her control; or if the order is given by the wife for articles necessary for her, and where she is living with the husband, as for clothes; there the jury may infer an agency, and the husband is liable. But if it appear that the wife had a separate estate, and the trading be done with and credit given to her, on the faith of that separate estate, and not to the husband; if the wife was dealing in fact, not as the agent of the husband, but in her own right and in reference to her separate estate, and the credit was given to her and not the husband, and the party intended to charge her and not the husband, then the husband is not liable for the contracts so made." By referring to the declaration, it will be seen that it expressly states, that the dealing and contract was made with the wife in reference to her separate property. That credit was given exclusively to her, and not to the husband; and, so far from the wife making a contract for the husband, and as his agent, the husband made the contract as the agent of his wife, only intended to charge her separate estate, and not to make himself liable; and so the parties understood in dealing with him.

We see no error in the record, and affirm the judgment.