## Jenkins, Assignee, *v.* Flinn.

HUSBAND AND WIFE.—*Agent.*—*Liability of Husband.*—Where a wife engages in business, with the knowledge and consent of her husband, the business is regarded as that of the husband, and the wife is regarded as his agent, and he is bound for the performance of contracts which she may make relating to such business; but where the wife incurs the indebtedness, and the credit is given to her exclusively, and there can, therefore, be no presumption that she was acting as the agent of the husband merely, the husband is not liable.

APPEAL from the Cass Common Pleas.

DOWNEY, J.—This action was commenced by Thompson and McClellan, and after their bankruptcy, prosecuted by Jenkins, as the assignee in bankruptcy of their estate, against Elijah Flinn, the appellee, and his wife, Charlotte Flinn, before a justice of the peace to recover for goods sold and delivered. The defendants, having made default before the justice of the peace, appealed to the common pleas, where she pleaded, separately; first, the general denial; second, coverture, and that she had no separate property; third, coverture, and that she did not promise to pay the same out of her separate estate; and he pleaded, first, the general denial; second, that the goods were purchased by his wife without his

knowledge or consent, and were not necessaries furnished her by the plaintiffs. Reply in denial of the second and third paragraphs of the answer of Mrs. Flinn, and of the second paragraph of Flinn's answer.

There was a trial by the court, and at the conclusion of the evidence the plaintiff dismissed the action as to Mrs. Flinn. The court found, on the evidence for the other defendant. The plaintiff moved for a new trial on the ground of the insufficiency of the evidence to sustain the finding, which motion was overruled, and judgment rendered for the defendant.

The only error properly assigned calls in question the correctness of the ruling of the court in refusing to grant a new trial.

As the evidence is not long, we will set it out in full. It was agreed that the defendant Charlotte E. Flinn was a milliner, doing business in Logansport, Indiana; that the complaint correctly expresses the price the said defendant agreed to pay for the goods; that she received them and agreed to pay for them; that at the time they were purchased she and her co-defendant were husband and wife, living together in the back part of the same house in which the milliner shop was kept. This agreement constituted the plaintiffs' evidence.

The defendant Elijah Flinn testified in his own behalf as follows: "I never bought anything of the plaintiffs, nor ever agreed to pay them anything, and had no knowledge of the purchase of these goods that I remember of; I never had anything to do with the milliner shop or the proceeds or profits; never received anything from it." On cross examination he testified as follows: "My wife has been carrying on the millinery business since 1861; we have lived together all the time; the shop was in the front room of our dwelling-house; my wife attended to that business, and I attended to mine; I occasionally saw the bills of goods purchased by her lying about; do not know of seeing the bill of these goods, or know of her purchasing them; I occasionally passed through the millinery shop; she had no separate estate or

Jenkins, Assignee, *v.* Flinn.

fund from which to make purchases; she always got her own clothing; we have three children, and she would sometimes get things for the children; I have paid debts of hers, about four hundred dollars at one time, and about one hundred and fifty dollars at another, within the last two years." This was all the evidence on behalf of the defendant.

Was this evidence sufficient to show a legal liability on the part of the husband to pay for the goods? According to the common law rule, the earnings of the wife are always the property of the husband just as much as are the earnings of his own hands. Bishop Married Women, sections 21, 212, 886; *Baxter* v. *Prickett's Adm'r*, 27 Ind. 490. He was entitled to her earnings, because he was bound for her support, and this whether she earned much or little. Bishop Mar. Women, sec. 887.

If she engage in any trade or business, the profits of such trade or business belong to the husband, for they are as much the earnings of the wife as any other income produced by her labor or skill. *Id.* sec. 733; *Switzer* v. *Valentine*, 4 Duer, 96.

This rule is still in force in Indiana, as a part of the common law. The statute provides, that the lands of a married woman and the profits thereof shall be her separate property, as fully as if she was unmarried. 1 G. & H. 374, sec. 5. It is also provided, that "the personal property of the wife held by her at the time of her marriage, or acquired during coverture, by descent, devise, or gift, shall remain her own property to the same extent and under the same rules as her real estate so remains; and on the death of the husband before the wife, such personal property shall go to the wife, and on the death of the wife before the husband, shall be distributed in the same manner as her real estate descends, and is apportioned under the same circumstances." Acts 1853, p. 57, copied in note to p. 295, 1 G. & H. It will be seen that this statute reached only to such personal property of the wife as she had at the time of the marriage or acquired during the coverture by descent, devise, or gift;

thus leaving, as we think, the common law rule with reference to the husband's right to the wife's earnings unchanged. *Baxter* v. *Prickett's Adm'r, supra.*

It follows that if the wife engage in trade and purchase goods to be used or sold in such trade, they become the property of the husband, unless purchased with money acquired and belonging to her as above stated. *Switzer* v. *Valentine, supra; Glann* v. *Younglove,* 27 Barb. 480; *Lovett* v. *Robinson,* 7 How. Pr. 105.

As the wife holds her separate property as fully as if she was unmarried, we suppose she may engage in and carry on business therewith, with the assent of the husband, and be entitled to the profits which she may make as an increase of her separate estate. But she can not bind herself for goods purchased as a *feme sole* can do. *Hasheagen* v. *Specker,* 36 Ind. 413.

Where the wife engages in business, with the knowledge and consent of the husband, the business is regarded as that of the husband, the wife as his agent, and he as bound for the performance of contracts which she may make, relating to such business. *Abbott* v. *Mackinley,* 2 Miles, 220; *Glann* v. *Younglove, supra; Cropsey* v. *McKinney,* 30 Barb. 47; *Mackinley* v. *M'Gregor,* 3 Whart. 368; *Godfrey* v. *Brooks,* 5 Harring. Del. 396; *Rotch* v. *Miles,* 2 Conn. 638; *Switzer* v. *Valentine, supra;* Chitty Con. 184; 2 Bright Hus. & Wife, 300, sec. 20.

As a qualification of the rule last stated, it seems to be satisfactorily established by the cases, that where the wife incurs the indebtedness, and the credit is given to her exclusively, and where therefore there can be no presumption that she was acting as the agent of the husband merely, the husband is not liable. *Bentley* v. *Griffin,* 5 Taunt. 356; *Carter* v. *Howard,* 39 Vt. 106; *Moses* v. *Forgartie,* 2 Hill S. C. 335; *Swett* v. *Penrice,* 24 Miss. 416.

The theory upon which the husband is bound to pay for necessaries purchased by the wife is, that the wife is his agent for the purpose of purchasing such articles as may be

necessary, while the parties live together. *Litson* v. *Brown*, 26 Ind. 489.

Proceeding to examine the facts of the case under consideration in view of these legal propositions, we find that by the evidence it is shown that the husband knew that the wife was engaged in business, to some extent he derived a profit from the business, the wife supporting herself and contributing to the support of the children, which, otherwise, he would have been compelled to. He had paid $550.00 of her debts, but whether on account of this business or not is not shown.

On the other hand, it is shown, by the agreed statement of facts, that she received the goods and agreed to pay for them; and he testifies that he never bought anything of the plaintiffs nor ever agreed to pay them anything; that he never saw the bill of the goods or knew of their purchase. It is not shown that the credit was given to the husband, or even that the plaintiffs knew that there was any such person in existence.

After some hesitation, and without any very firm conviction that we are right, we have come to the conclusion that we ought to hold that the credit in this case was given to the wife, and that we can not infer from the circumstances an agency in the wife and a liability of the husband.

Judgment affirmed, with costs.

*R. E. Jenkins* and *D. P. Jenkins*, for appellant.

*H. C. Thornton* and *D. B. McConnell*, for appellee.