[1] [Reported by Bradley T. Johnson, Esq., and here reprinted by permission.]

## Case No. 5,540.

### In re GOODMAN.

[5 Biss. 401; [1] 8 N. B. R. 380.]

District Court, D. Indiana. Sept., 1873.

BANKRUPTCY—MARRIED WOMEN.

1. In Indiana a petition in bankruptcy will not lie against a married woman where it is not shown that she has a separate estate.

2. The statute not having removed her common law disabilities, she is still incompetent to contract.

3. The district court will consider the state statutes and decisions, in applying the bankrupt law [of 1867 (14 Stat. 517)] to married women.

This was a proceeding in bankruptcy, instituted by Hays, Gibbons & Co., of St. Louis, against Rachel Goodman, a married woman. The petition is in the usual form, and charges that Mrs. Goodman is the wife of Morris Goodman; that for several years last past she has been a resident of the city of Evansville, Ind., where she has been engaged in business in her own name, buying and selling goods, wares and merchandise; that she is indebted to petitioners in the sum of $487.27, for goods sold and delivered, which sum is due and unpaid, and within six calendar months next preceding the filing of said petition, she committed an act of bankruptcy, describing it. The respondent moved to dismiss the petition for want of jurisdiction.

Judge Warren, for petitioning creditor.
Shackelford & Richardson, for respondent.

GRESHAM, District Judge. By the common law, married women are disabled generally from contracting or engaging in trade. There are exceptions to this rule, having their foundation in special local custom, or upon the principle that the marriage is for the time suspended. Of the latter character is the statute of this state, which authorizes a married woman, whose husband has left the state, or has abandoned her without providing for her maintenance, or who is confined in state's prison, to sue and be sued as a feme sole, to sell and convey her real estate, and to receive payment for her own labor and that of her minor children.

Whether this proceeding can be maintained, depends upon how far the legislature of Indiana has gone in changing the common law concerning the rights of married women. The following statutes upon the subject are all that need be referred to:

A married woman's lands, and the profits thereof, are not liable for her husband's debts, but shall remain her separate property, as if she was unmarried, except that she shall not incumber or convey such lands, otherwise than by deed, in which her husband shall join. 1 Gavin & H. p. 374, § 5.

Personal property of the wife, held by her at the time of her marriage, or acquired dur-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

ing coverture by descent, devise, or gift, remains her property to the same extent and under the same rules as her real estate so remains. 1 Gavin & H. p. 295, note.

When a married woman is a party, her husband must be joined with her, except when the action concerns her separate property, she may sue alone; and, when the action is between herself and her husband, she may sue and be sued alone. 2 Gavin & H. p. 41, § 8.

The decisions of the supreme court of Indiana, interpreting these and other statutory changes on the same subject, are involved in much confusion and doubt; but the following rulings are sufficient to dispose of the question presented in this case:

The statute extends only to such personal property of the wife as she had at the time of her marriage, or acquired during coverture by descent, devise, or gift, leaving the common law, with respect to the wife's earnings, unchanged; and if the wife engage in any trade or business without means of her own, that is, without means acquired in some one of the ways mentioned in the statute, the profits of such trade or business belong to the husband, for they are as much the earnings of the wife as any other income produced by her labor or skill. Baxter v. Prickett's Adm'rs, 27 Ind. 490; Jenkins v. Flinn, 37 Ind. 349.

If a married woman, having no separate estate or means of her own, carry on business with the knowledge and consent of her husband, it is regarded as the business of the husband, and the husband is liable for the contracts of the wife thus entered into, on the theory that the husband is the principal and the wife the agent. Jenkins v. Flinn, supra.

The separate personal estate of the wife, including the issue and profits of her real estate, she may dispose of as a feme sole, and when she has indicated her purpose to deal with such personal estate, a court will give effect to her contracts if they be of a character to result in benefit to her; and the wife may, without the consent of her husband, contract for the repair and betterment of her real estate, and such contracts will be enforced in equity. Kantrowitz v. Prather, 31 Ind. 92.

The separate estate of a married woman is not liable for her general engagements. Her capacity to enter into binding contracts exists only when she has a separate property, and when her contracts relate to that property. Kantrowitz v. Prather, 31 Ind. 92.

A married woman may carry on trade with her separate money, and may employ her husband to manage her trade. Copeland v. Cunningham, 31 Ind. 116. But she cannot enter into a contract of co-partnership with her husband. Montgomery v. Sprankle, Id. 113. I am not able to see any reason for this distinction. If a married woman may engage in trade with her own means as a feme sole, why may she not become a partner in trade? If she may embark with her own separate means in general trade

and merchandise, why say that she shall not have the same advantage that others derive from uniting their capital and skill as partners? If she may contract with her husband for his service as an agent in superintending and carrying on her business, of course she may contract with any other person for the same purpose; and if she may do this, it would seem more rational to say that she may also do what experience has shown is generally more profitable and satisfactory in trade, and that is to make a contract with some person who has either skill or capital or both to share in the profits and losses of her business.

It would seem from these and other decisions (and they must be followed by the federal courts, for they are interpretations given by the highest court in the state to the statutes of the state):

1. That a married woman cannot engage in any kind of trade or business on her own account, unless she have separate property.

2. That if a married woman, not having separate property or means of her own, engage in and carry on business, the profits, if any there be, belong to the husband as the earnings of the wife.

3. That a married woman in Indiana possessed of no separate estate, is relieved of none of the disabilities imposed upon her by the common law.

The rule then still being that a married woman cannot contract, and the power to do so being an exception to this rule, and the petition failing to show that Mrs. Goodman was possessed of any separate property or means with which she was carrying on her business, it follows that she cannot be adjudged a bankrupt. The petition is therefore dismissed.

NOTE [from original report in 8 N. B. R. 380]. Although the federal courts, on this question of bankruptcy of married women, seem to regard the state laws and the decisions of the state courts in establishing the status of a married woman and her powers and liability, it is difficult to reconcile the decisions. In the above case, Judge Gresham dismisses the petition, because, under the state law, a married woman has no power to contract, and the petition fails to set forth any separate estate, and contains no special words to charge it. But in Illinois, where she is also incompetent to contract, except as to her separate estate, the United States district court has sustained a petition in bankruptcy against a married woman, where the allegation of the petition simply was that she and her husband were co-partners in business. In re Kinkead [Case No. 7,824]. The statutory provisions in Indiana are nearly the same as in Illinois, except as to married woman's earnings, and although in both states it is held that she may engage in trade, and even employ her husband as her agent, in one state it is held that she may be a co-partner with her husband, and in the other that she cannot. The Illinois statute of 1861 [Laws 1861, p. 143] gives a married woman the right to property which she owns at the time of marriage, or which she receives during coverture, from persons other than her husband. The act of 1869 [Laws 1869, p. 255] gives her the right to her personal earnings. In New York state, where a married woman can be sued at law

upon her contracts, it has been held in the United States district court that a feme covert, a trader, is within the meaning of the bankrupt act, and may be declared a bankrupt. In re O'Brien [Case No. 10,397]; Graham v. Starks [Id. 5,676]. In Minnesota, where the statute allows a married woman, under certain circumstances, to engage in trade in her own name, by obtaining a license from a probate justice, in which case the business, and its profits become her separate property, and she is bound by her contracts, Judge Nelson held that where a married woman who had been engaged in business, as a member of a partnership, but without complying with the requirements of the statute, could avail herself of the plea of coverture to defeat bankruptcy proceedings against her. In re Slichter [Id. 12,943].