The opinion of the Court was delivered by
Parker, C. J.
This action seems to be intended for an experiment, it being admitted to be the first of the kind which has been brought in the Commonwealth. The attempt is, to charge the defendant with damages for breach of covenants made by the father of *313 his wife, on account of personal estate, which he received with her out of her father’s property ; she being dead when the action was brought.
The covenants declared upon were not broken, until long after the death of the covenantor ; nor unti' more than four years had elapsed after administration taken upon his estate, and notice given by the administrator, as required by law. According to the statute, therefore, of 1788, c. 66, an action might be brought against the devisees, or those who inherit the estate ; provided the claim was made within one year from the time when the right of action first in fact accrued. The plaintiff has alleged, that such claim was made within that time ; but she commenced no action until more than a year had elapsed.
We cannot but suppose that the legislature intended to limit the right of action against the heir or devisee under these circumstances, and not, as has been supposed by the counsel for the plaintiff, to leave them continually * exposed to a suit, provided a mere formal claim was made upon them. But on this point we do not decide ; as the decision of it is not necessary in the cause before us.
The decisive objection to the action, appearing in the declaration and pleadings, is, that the defendant, who made no contract with the plaintiff’s testator, is not privy in blood or estate with the original covenantor ; nor does he come within the provision of the statute which gives the plaintiff a remedy. The action may be brought against the heirs, or those who inherit the estate, or are the devisees thereof. The defendant stands in neither of these relations. Admitting that the action would have lain against him with his wife during her life, in consequence of her enjoying a portion of the personal estate of the covenantor, which is questionable, since by the marriage the personal estate became immediately transferred to the husband ; yet, by her death, all relation between the defendant and the estate of the deceased covenantor has ceased. Of the personal estate in the possession of the wife at the time of intermarriage, he is considered in law as the purchaser for a valuable consideration : and, although he became liable for her debts existing before the marriage, he is not liable to those which accrued after the dissolution of the marriage by death. As well might any person, who had by contract come into possession of the personal estate of a deceased grantor, be liable on the covenants contained in the deed, as the husband, who also, by contract, and for what is deemed a valuable consideration, became possessed of such property.
Upon this ground, we decide, that the first plea in bar is a suffic.ert answer to the declaration.
With respect to the second plea in bar, which states that there .s a brother of Olive, the defendant’s wife, living, who ought to nave *314 been joined in the action, we give no opinion ; but only intimate, that, in former actions upon this statute, the joinder of all the heirs or devisees has been objected to, as tending to render one of them * answerable upon execution for the whole of the damages, although they may exceed in amount the value of the property descended to such one ; giving him only a remedy in an action for contribution, which may, in many instances, prove insufficient.
Upon the supposition that they may plead severally, and have several judgments entered against each, according to the estate for which he may be liable, actions so brought have been sustained. But the more convenient way certainly is, to sue each one for his proportion : and the only objection is the multiplying of suits. But this objection has not much force, when it is considered, that, by the other mode, a multiplicity of suits may be necessary to obtain contribution.

Defendant’s first plea adjudged good.