LUCY BARBER *v.* JAMES M. SLADE, HEMAN LANGWORTHY AND MYRON LANGWORTHY.

*Conversion of the wife's choses in action to possession by the husband.*

The mere delivery to the husband by the makers of a promissory note given for the purchase of the real estate of the wife, and payable to her or bearer, which the husband immediately afterwards delivers to the wife, who thereafter retains the same in her possession, does not constitute such a reduction

of the note to possession by the husband as divests the property of the wife therein.

To constitute such a reduction to possession of the *choses in action* of the wife, the husband must do some *positive act* to reduce them to his own possession.

Where an agreement was made by a married woman, with the assent of her husband, with the makers of a promissory note, given to the wife for her land, deeded to them by her and her husband, that they should furnish her family with goods and apply them upon the note; *held*, that such articles as were delivered to the family, under this agreement, constituted a payment upon the note; but *aliter* as to good s delivered by the order of the husband to persons not members of the family.

*Held* also, that the burden of proof was on the makers of the note, when defendants in action thereon, to show what goods were delivered to the family.

ASSUMPSIT upon three promissory notes signed by the defendants and payable to the plaintiff or bearer. Plea, the general issue, and trial by jury, June Term, 1857,— KITTREDGE, J., presiding.

It appeared in evidence that the notes were given on the purchase of certain real estate which the plaintiff had inherited from her father, and which she, in connection with her husband, E. D. Barber, conveyed to the defendants. The notes were delivered by the defendants to the plaintiff's husband at the time of their execution, and he immediately delivered them to the plaintiff, in whose possession they had ever since remained. Soon after the plaintiff received the notes she made an arrangement with the defendants to supply her family with goods from their store to be applied upon the notes. To this arrangement the plaintiff's husband assented, and in pursuance thereof the defendants afterwards furnished the plaintiff's family goods from the store and charged them to E. D. Barber, but their account also contained charges for goods not for the use or benefit of the plaintiff's family, but which were delivered to persons not members thereof, upon the orders of E. D. Barber. The defendants were unable to distinguish many of the articles charged in their account which were for the benefit of the family from those which were not.

E. D. Barber died before the commencement of this suit, and it did not appear that any article in the defendants' account was delivered after his death.

Barber *v.* Slade et als.

The whole of the defendants' account exceeded the amount of the notes.

No application was made of the defendants' account upon the notes, but E. D. Barber was frequently applied to by them for that purpose and promised the defendants to get the notes and have the application made.

The defendants made semi-annual rests in their account, and cast interest thereon semi-annually and carried the same into the account and claimed its allowance, and such appeared to be their custom in their dealing with others.

The court charged the jury that upon the execution and delivery of the notes by the defendants to E. D. Barber, they became his absolute property, and that he could control them as against the plaintiff, and that it was competent for him to make any agreement with the defendants in relation to the mode of their payment, and that if the jury found that the agreement was made between the plaintiff and the defendants, and assented to by her husband, to supply his family with goods and apply them upon the notes, and that the defendants, relying upon this agreement, did supply the goods charged, it was a payment upon the notes in suit; and that the defendants should be allowed interest on their semi-annual rests, as carried into their account, upon which charge the jury returned a verdict for the defendants.   Exceptions by the plaintiff.

*Linsley & Prout,* for the plaintiff,
Cited *Holmes* v. *Holmes,* 28 Vt. 769 ; *Draper* v. *Jackson,* 16 Mass. 486 ; *Richardson* v. *Daggett,* 4 Vt. 336; 2 Kent's Com. 135; Reeves' Dom. Rel. 3 ; *Davis* v. *Burnham,* 27 Vt. 562 ; Compiled Statutes 403–4.

*O. Seymour* and *J. W. Stewart,* for the defendants,
Cited Bingham on Infancy and Coverture 213, and cases there cited ; 2 Kent's Com. 113 ; Chitty on Cont. 150 ; 22 Maine 335 ; 8 Mass. 229.

The opinion of the court was delivered by
ALDIS, J.   The court below charged the jury " that upon the execution and delivery of the notes by the defendants to E. D.

14

Barber, *they became his absolute property,* and it was competent for Barber to make any agreement with the defendants in relation to the mode of their payment."

The notes were given for real estate which Mrs. Barber inherited from her father, were made payable to her, and were on the day of their execution, delivered to the husband of the plaintiff, who immediately thereafter delivered them to the plaintiff. Since their delivery to her they have always remained in her exclusive possession.

I. The goods furnished by the defendants at the plaintiff's request, for the benefit of the family and upon an agreement with her and her husband that they should apply in payment on the notes, should be allowed as payment. Such an agreement so acted upon was clearly binding upon her and her separate property, which by the agreement was to be affected by it. The charge of the court does not seem to have limited the jury to an allowance of such part of the account and no more.

II. The account, which the defendants claim to apply as payment on the notes, contains not only goods furnished for the use of the family upon the agreement with the plaintiff, but also goods not for the use of the family, delivered to persons not members of it, upon orders of the plaintiff's husband. And it does not appear that the husband agreed that *such* articles should apply upon the notes. His promise " to get the notes and have the application made," extended only to articles for family use. The articles not for family use could not apply upon the notes, unless the notes were *his* property and not his wife's. The court charged the jury that upon the execution and delivery of the notes by the defendants to E. D. Barber, they became his absolute property.

Whatever conflict of opinion upon this subject may have existed formerly and in the early cases cited in argument, it is now settled in this state, that the husband must do some positive act to reduce the choses in action of the wife to his possession, before they become his property; and the fact that the choses in action have passed into the custody and possession of the husband is not itself a reduction of them to possession. In the recent case of *The heirs of Holmes* v. *The administrator of Holmes,* 28 Vt. 765, it was held that although the wife handed the notes to the husband and

requested him to keep them, and he did keep them among his own papers until after her death; and although she told him, before marriage, that the notes were all her means, and he at her request bought her a wedding dress, furniture for the house, etc., yet all these facts did not constitute such a reduction of the notes to possession by the husband as to devest the wife of her property in them. In this respect the charge was erroneous.

In this case we find no evidence tending to show any act of the husband indicating an intent to withdraw the notes from the control of the wife and to reduce them to his possession, but the contrary. It is, therefore, unnecessary to decide what acts of the husband are sufficient to constitute a reduction of the wife's notes to his possession, or to determine, if such acts were shown, whether the statute of A. D. 1850 would still preserve the separate property of the wife for her use.

The agreement which the plaintiff and her husband made with the defendants was, that goods for family use should apply in payment on the notes. It appears that the defendants kept no separate account of such articles, but so mingled them in the account with others that they were unable to distinguish them. It was the duty of the defendants to have kept the account so that the articles for the use of the family could have been distinguished from those not for such use. The burden of proof was on the defendants to show what the goods were, which, by the agreement, were to apply on the notes, and the jury should have been instructed to allow only those articles which the defendants proved to have been for the use of the family.

As there must be a new trial of the case, and the counsel agree as to the rule of law which regulates the casting of interest upon accounts, and differ only as to the mode in which it actually was cast, we do not deem it necessary to consider that question.

The judgment of the county court is reversed.