CUMMINGS *et al. v.* SHARPE *et al.*

MARRIED WOMEN.--The income or proceeds arising from the separate real estate of a married woman can only be subjected to the payment of her debts, contracted during coverture, by a proceeding in equity for that particular purpose, and not by an ordinary common law action and judgment against her.

APPEAL from the *Cass* Common Pleas.

HANNA, J.—Suit on a note. It was averred, among other things, that said female defendant is and was, at the time she executed the note, the wife of her co-defendant; that she is in the habit and practice of making contracts in her own name, and without the co-operation of her husband; that he is insolvent; that she owns property in her separate right, and all they use and occupy belongs to her; that the payees of the note furnished goods, merchandize and necessaries to the defendants for their joint use and benefit, for which said female defendant had contracted and agreed to pay, and executed said note, alone, on closing up said account, upon which she had made various payments, &c.

There was a demurrer to the complaint overruled, and judgment taken against the female defendant alone, upon a trial by the Court, on an issue made by the general denial filed by the female; her husband filed no answer. It is not shown whether the property held by her was real or personal, nor how it was acquired. The evidence is not in the record. The judgment is in the usual and ordinary form against the female defendant, as if she were sole.

Some parts of the complaint would indicate that the pleader had intended to proceed, as in equity, to subject the separate property of the wife to the payment of the debt, but this appears in the sequel to have been abandoned and a judgment as at law taken against her separately.

Cummings et al. *v.* Sharpe et al.

This could not have been done before the enactment of our present statutes; and the simple question is, whether said statutes have changed the rule upon the subject.

It has been held that, as to the seperate real estate of the wife, she holds the same now without the exclusive power of alienation. 1 G. & H. Stat. p. 375, § 5; *Cox's Adm'r* v. *Wood*, 20 Ind. 54. It has also been held that, under § 5, acts 1853, 1 G. & H. p. 295 and note, the same rules and limitations exist as to personal property held by her, if acquired by the modes prescribed in said statute, to-wit: by " descent, devise or gift." *Reese* v. *Cochran*, 10 Ind. 195. This is in accordance with the common law.

Upon the supposition that it may have been real property that was owned by the female, in the case at bar, and that such fact was disclosed by the evidence, the question is, whether such income or proceeds as might arise therefrom would authorize a proceeding and judgment as a law against the female.

We are of opinion our statutes were not intended to, nor have they, changed the common law rule upon that subject. The mode in which such proceeds could be reached is indicated in the case in 20 Ind. cited. This would involve a proceeding as in equity.

It is not necessary for us to pass upon the question attempted to be raised, whether the separate property of. the wife is liable, in such proceeding of an equitable character, for her contracts made as herein stated.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*J. W. Robinson,* for the appellant.