## CLAWSON *v.* CLAWSON'S Administrator.

HUSBAND AND WIFE—GIFT.—It is the rule in equity that if the nature and circumstances of a gift or grant from the husband to the wife are such that there is no ground to suspect fraud, and the gift amounts only to a reasonable provision for the wife, it will be sustained without the intervention of a trustee.

SAME.—In determining whether the gift is a reasonable provision, it is the duty of the court to take into consideration all the circumstances of the case.

SAME.—By section 5 of the act of 1853, (1 G. & H., 295,) the power of the wife to acquire personal property by gift, during coverture, is changed from an equitable to a legal right, and it would seem to follow that the only restriction the courts can impose on this right is to guard against fraud.

APPEAL from the *Fountain* Circuit Court.

GREGORY, J.—*Haas*, administrator of *Clawson*, sued the appellant for unlawfully taking and converting to her own use $1,000 in money, of the assets of the estate of the decedent. Answer: 1st. General denial. 2d. That she is the widow of the deceased; that her late husband, to the end that suitable and proper provision might and should be assured to her, settled upon, gave and delivered to her, his wife, $900. That said sum was then and there received by, delivered to, and settled upon her, for her sole, separate and exclusive use. That the same has ever since been held, used and controlled exclusively by defendant, the same being and continuing her separate property. That the $900 is all the money or property she ever has had, or received, that ever belonged to the deceased or his estate, and that she received that sum as stated, and in no other way. Reply: 1st. General denial. 2d. That the estate of decedent is indebted on account of debts contracted by the deceased in his lifetime, and prior to the date of said pretended gift, as set forth in the answer, in a large amount, to-wit: $————, and that the remaining estate of the decedent, exclusive of the amount so pretended to have

been received by the defendant as a gift from the deceased, is wholly insufficient to pay such indebtedness. Wherefore plaintiff alleges that such pretended gift is wholly fraudulent and void as against the plaintiff. Trial by the court, and finding for the plaintiff. Motion for a new trial overruled.

The evidence is in the record. The only evidence against the appellant of the possession of the money in controversy, is what took place in the lifetime of her husband, and the only ground of recovery against her must be that the gift of the husband was void. If the money was not given to the wife and held by her to the exclusion of her husband and his administrators, then there is no case made by the evidence against her, for the possession of the money is not traced to her in any other way.

The only question presented by the record is, was the gift of the husband to the wife void under the facts shown by the evidence?

*Clawson*, in his lifetime, was the owner of a farm, the homestead of himself and family, the latter consisting of his wife and two small children. He sold the farm for $2,400, in payments. He caused one of the notes for $700 to be made to his wife; for the residue he took two notes payable to himself, one for $1,000 and the other for $700. When the note for $1,000 was paid he gave the money to his wife, saying that it was for her own use, and advised her to buy a home for herself and children. The deceased was at this time in bad health and did not much expect to recover, and died in about six weeks thereafter. The wife was at the time *enciente*, and was delivered soon after the death of the husband. Four hundred dollars of the purchase money of the farm was paid by the vendee to discharge a mortgage-lien existing at the time of the purchase. *Clawson* was the father of three other children by a former wife, the two eldest of whom were aged, one sixteen and the other eighteen years; the age of the youngest is not given. The

appellant's children were aged, one three, and another five years, and the youngest was born about a week after the death of the father. The sale of the personalty belonging to the estate of the deceased amounted to $532 83. The widow having received $195 of the $300 allowed her by law, there is still due to her $105. There are about $87 08 of other liabilities, but it is not shown when they accrued, whether before or after the gift in question. It cannot be pretended that creditors were defrauded by the gift. And the only question of any difficulty is, was this a reasonable provision for the wife, under the circumstances?

It is the rule in equity, that if the nature and circumstances of the gift or grant from the husband to the wife, whether it be express or implied, are such that there is no ground to suspect fraud, but it amounts only to a reasonable provision for the wife, it will be sustained in equity, without the intervention of a trustee. Story's Eq. Jur., § 1375, and authorities cited.

In determining the question whether the gift or grant is a reasonable provision for the wife, it is the duty of the court to take into consideration all the circumstances of the case; not only the amount of the husband's estate, but the condition of the wife. In the case in judgment, the husband was in his last illness. The wife had three children of tender age to be provided for. The husband had just sold the homestead, one-third of which in fee would have come to the wife at the death of the husband, with the right to occupy the messuage by herself and children for one year, and in the partition of the land she would have the right of selection. Under such circumstances we think the provision made for the wife by her husband was reasonable.

But there is another view of this question. The statute provides that "the personal property of the wife, held by her at the time of her marriage, or *acquired during coverture by descent, devise or gift,* shall remain her own property to the same extent and under the same rules as her real estate so remains, and on the death of the husband before the wife,

such personal property shall go to the wife, and on the death of the wife before the husband, shall be distributed in the same manner her real estate descends, and is apportioned under the same circumstances." 1 G. & H., § 5, p. 295, of the acts 1853.

By this provision the wife's separate existence is recognized in relation to her personal, as it had been before recognized as to her real property. Her power to acquire personal property by gift, during coverture, is changed from an equitable to a legal right. It would seem to follow that the only restriction the courts can impose on this right is to guard against fraud. The court below erred in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to grant a new trial, and for further proceedings in accordance with this opinion.

*M. M. Milford*, for appellant.

*T. F. Davidson*, for appellee.