HARVEY COLE v. JOEL SHURTLEFF AND TRUSTEE.

*Witness.    Evidence.    Husband and Wife.    Contract.    Statute of Frauds.    Consideration.*

The plaintiff married the defendant's daughter, and the defendant claimed that, after their marriage, the plaintiff agreed to pay him for some articles of clothing which he had bought for his daughter before her marriage, with the understanding that she was to pay for them. This action of book account, in which these articles of clothing were the items in dispute, was brought after the death of the plaintiff's wife. *Held*, that the defendant was a competent witness, the issue being upon the plaintiff's agreement with the defendant, not upon the deceased wife's agreement, though the latter was a material fact bearing on the plaintiff's liability and the defendant's right of recovery.

The design of the statute (Gen. Sts., ch. 36, § 24) is to exclude a party from testifying when the other party to the contract in issue and on trial is dead, and when in the action such deceased party is represented by an executor or administrator, and contemplates a suit or proceeding, the determination of which may affect the estate of the deceased party.

A naked parol promise of a husband, made prior to or during coverture, to pay an antenuptial debt of his wife, she not having been discharged or released from its payment, is within the statute of frauds, and can not be enforced by action.

The liability of a husband for the antenuptial debts of the wife, can be enforced during coverture only by a joint action against both. It terminates on the death of the wife, unless enforced during coverture by the recovery of a judgment.

A parol promise of the husband during coverture, to pay such debts, made only in consideration of his existing liability, creates no new legal liability on him, but leaves such debts and the parties as they were before.

A promise generally to pay on request what the promisor was liable to pay on request in another right, is without consideration and invalid.

BOOK ACCOUNT. Heard on the report of the auditor, at the June term, 1867, STEELE, J., presiding.

The court decided that items 1, 2 and 3 of the defendant's account should be disallowed, and rendered judgment for the plaintiff, on the report, for the sum of $40.56 and interest from January 1, 1864; to which the defendant excepted.

Item 1 was a silk dress; item 2, a sack; item 3, a shawl.

The auditor reported the following facts in respect to these items:

"It appears that the plaintiff married a daughter of the defendant April 14, 1864. In December, 1863, the plaintiff enlisted and went into the army. He sent Lizzie Shurtleff (afterward his wife) about that time $75; and also sent her an order on the town for $300, his bounty. This $300 Lizzie Shurtleff (not then his wife) deposited in her own name in the savings-bank.

A portion of this money remained in the savings-bank till after her death, and all the while subject to her disposal. The least amount there at any time, was $100.

"About a year before her marriage, a dress, sack and shawl were bought for her by her father, as he says, with the understanding that she should pay for them. The evidence of the father is the only evidence to show that she was intended to be charged for them, and did not regard them in the light of a gift. If the court decide that this evidence of the father is admissible, she being dead, then your auditor finds that Lizzie was legally chargeable for items 1, 2 and 3.

"If the court decide that, she being liable, Cole's having promised to pay for them *after* marriage, would render him liable, your auditor allows these items (dress, sack and shawl).

"This suit was not brought, till after the death of the wife, and Cole's promise was not in writing.

"Your auditor further finds that Cole had promised to pay for the dress, sack and shawl, *before* he was married, and agreed that they might offset against what the defendant Shurtleff owed him for work."

*Bliss N. Davis*, for the defendant.

Was the defendant competent to testify as to the indebtedness of the plaintiff's wife for the articles of dress, she being dead? The testimony of Shurtleff related to a contract with the plaintiff to pay a debt due from another party, and the contract thus made with the plaintiff, was the one on trial. The original contract with the defendant's daughter, was only collateral.

The plaintiff's promise, being only to pay an existing liability, need not be in writing to avoid the statute of frauds. Browne on Frauds, § 164, § 165.

It is said the promise to pay the debt of his wife, contracted before marriage, was the promise to pay the debt of a third party, and therefore void by the statute of frauds. By the marriage, the debt of his wife became the debt of the plaintiff, and he was under legal obligation to pay the same; therefore he only promised, or entered into a contract with the defendant, to pay his own legal liability, and a written promise was unnecessary. Browne on Frauds, § 164, § 165.

Cole v. Shurtleff and trustee.

It seems that, before the marriage, the plaintiff had promised to pay this claim by offsetting it against what the defendant owed the plaintiff for work. After marriage this promise was renewed, and we are to infer the defendant rested under the supposition that the labor was paid for; and the plaintiff ought not to repudiate, now that the wife is dead, because the accord was not fully carried out.

*Jonathan Ross*, for the plaintiff.

The court properly disallowed items 1, 2 and 3 of the defendant's account, because there was no legal evidence that they were ever properly chargeable to Lizzie, the plaintiff's wife. Lizzie, one of the parties to the contract, being dead, the defendant, the other party to the contract, could not legally testify to establish the contract. Gen. Sts., ch. 36, § 24.

If these articles were properly chargeable to the plaintiff's wife before marriage, the legal liability cast upon the plaintiff to pay his wife's antenuptial debts, ceased to exist with the wife's existence, and can not now be enforced. 1 Parsons on Contracts, 286, and cases there cited.

The plaintiff's promise to pay for these articles after their purchase and before marriage, was the promise to pay the debt of another, and, as such, could not be enforced, by reason of the statute of frauds, the same not having been made in writing. Gen. Sts., ch. 66, § 1; 1 Swift's Dig., 583; *Wilkins* v. *Stevens*, 8 Vt., 214; Oliver's Precedents, 236, note; *Aldrich* v. *Jewell*, 12 Vt., 125; *Steele* v. *Towne*, 28 Vt., 771; *Smith* v. *Hyde*, 19 Vt., 54.

The opinion of the court was delivered by

PROUT, J. In this case the county court decided that, upon the facts reported, the defendant was not entitled to recover the amount of the disputed items, they being for articles of clothing purchased and furnished by the defendant to the plaintiff's deceased wife about a year before their marriage. The defendant was her father, and he testified before the auditor, that the articles in question were bought for her by him, with the understanding that she should pay for them. She died prior to the commence-

Cole v. Shurtleff and trustee.

ment of the action, but the report shows that, both before and after her marriage to the plaintiff, he promised the defendant to pay for them, as disclosed by the report.

I. As to the admissibility of the defendant as a witness. The objection to him as a witness, proceeds upon the ground that, the plaintiff's wife being a party to the contract existing between her and her father, the defendant, and she being dead, the defendant was not an admissible witness. Gen. Sts., ch. 36, § 24.

It is true the agreement between the defendant and the plaintiff's wife, found by the auditor, by which she was under obligation to pay the defendant, was material, but the issue in the action and on trial was not upon that agreement. That was whether or not the plaintiff undertook, and promised the defendant, to pay him for the articles of clothing in controversy. Without such promise or undertaking no liability whatever, upon the facts, was resting upon the plaintiff, by which he was under a legal obligation to pay the defendant his claim. The contract of Mrs. Cole, the defendant's daughter, with her father, the defendant, was, then, simply a fact bearing upon the plaintiff's liability and the defendant's right of recovery, but collateral to the plaintiff's contract or promise, upon which the defendant's right of recovery necessarily depended. If this is so, the contract of the plaintiff's wife was in question before the auditor only as every collateral or incidental fact is which may have a bearing upon the ultimate question to be determined in the cause, but which does not directly involve the party's liability, or right of recovery. As the promise relied upon by the defendant, was made as between these parties to the action, and neither being dead, the disqualification contemplated by the statute, does not apply. *Manufacturers' Bank* v. *Scofield*, 39 Vt., 590; *Baxter* v. *Knowles*, 12 Allen, 119.

The design of the statute was to exclude a party from testifying when the other party to the contract in issue and on trial has died, and when in the action such deceased party is represented by an executor or administrator, and contemplates a suit or proceeding, the determination of which may affect the estate of the deceased party. In this case, nothing of that kind is attempted or can result from the proceeding, whatever may be the determ-

Cole v. Shurtleff and trustee.

ination of the suit. Should the defendant recover against the plaintiff and to the extent of his claim, the estate of the plaintiff's wife, if she left any, remains untouched, and creditors, heirs, legatees or representatives, as such, from the nature of the claim, can suffer no harm. The case itself is, therefore, one to which the reason and spirit of the statute have no application. Upon these views, the defendant was an admissible witness.

II. The plaintiff's promise made before his marriage to the defendant's daughter, was a naked promise to pay her debt. She not being discharged or released from its payment, and it resting entirely in parol, it was collateral and can not be enforced. *Anderson* v. *Davis*, 9 Vt., 136; *Fullam* v. *Adams*, 37 Vt., 391. And then, again, the promise was, as the report shows, a mere agreement that the defendant's claim might offset as against the claim of the plaintiff: " the plaintiff agreed it might." It does not appear that the defendant assented to this proposed application; but assuming he did, it not having been done, the case in all aspects, so far as this question is concerned, is within the statute of frauds. *Brand* v. *Brand*, 49 Barb., 346.

III. As to the plaintiff's promise to pay after his marriage. The report shows that the plaintiff promised to pay for these articles " after his marriage," and it is insisted that, by the marriage, the debt of the wife became the debt of the husband, and that he is under a fixed and absolute obligation to pay it.

As to this antenuptial debt of the wife, the plaintiff, as a legal consequence of his marriage, became liable to pay it; but this was a joint liability with the wife. She could not have been sued alone, neither could the husband. It is an elementary rule, that when a *feme sole* who has contracted a debt, marries, the husband and wife must, in general, be jointly sued in an action brought for its recovery, even though the husband has expressly promised to pay it. Chitty's Pl. (13th Am. ed.), 57. This liability of the husband, arising and existing as a consequence of the marriage, and which can be enforced only in a joint action against both, is of a temporary or qualified nature. It terminates on the death of the wife, unless enforced during coverture by the recovery of a judgment, and his liability in this respect is of the same quali-

Cole v. Shurtleff and trustee.

fied character incident to his rights, as husband, to her choses in action. Unless he reduce them to possession during coverture, and with the intent to make them his own, they are not his absolute property, but they belong to her representatives. Reeve's Dom. Rel., 53–143 ; *Buckner* v. *Smyth et al.*, 4 Des., 371 ; *Heard et ux.* v. *Stamford*, 3 P. Wms., 410 ; *Howes, executrix*, v. *Bigelow*, 13 Mass., 384 ; *Wilson et al.* v. *Bates, admr.*, 28 Vt., 765 ; *Barber* v. *Slade et al.*, 30 Vt., 191 ; *Mitchinson* v. *Hewson*, 7 Term, 344.

These principles proceed upon the obvious ground that the debt sought to be recovered in the one case, and the property or choses in action in the other, are the wife's. It is for this reason, and because the debt is hers, that the husband, in an action brought for its recovery, must be joined, which would not be the case, as REEVE, J., says, if the husband were to be considered the debtor. If, by virtue of the marriage, " the debt had been transferred to the husband, it would not survive against the wife ; but it does survive against her ; and this is perfectly consistent with the idea that she is considered by the law as the debtor." Reeve's Dom. Rel., 53 ; 2 Kent's Com., 145. Upon this view, it would seem that the promise relied upon, referring to, and applicable only to, the debt of another, and not being supported by any consideration, nor in writing, was invalid as within the statute of frauds. But however that may be, the question stands upon clear reasons upon another ground. The defendant's right of recovery for these articles depends upon the naked fact that the debt was contracted by the plaintiff's wife *dum sola*, and that, subsequent to the marriage and during coverture, the plaintiff promised to pay it. The fact that the plaintiff was once liable to pay the claim, in another right, so to express it, and in consequence of the legal liability resting upon him as the husband of the defendant's deceased daughter, gives the promise no additional efficacy or legal force, and can make no difference in the determination of the question. It was nevertheless a promise not made upon any consideration. When made, the plaintiff was liable for the debt, but liable as husband ; and if, as remarked by COLLAMER, J., in *Russell* v. *Buck*, 11 Vt., 166, the consideration

of the plaintiff's promise was his existing liability, and in consid-
eration thereof he promised to pay the defendant's claim, it cre-
ated no new legal liability, but left "the debt and the parties
as they were before. Such a promise might indeed affect the
claim as to the statute of limitations, but would be no ground of
action in itself." It was not founded upon anything *beneficial* to
the plaintiff or *prejudicial* to the defendant. And in *Rann et al.*,
*executors*, v. *Hughes*, *admx.*, reported at length in a note in 7 Term
Reports, 346, it is said and held that, "if I promise generally to pay
upon request what I was liable to pay on request in another right,
I derive no advantage or convenience from this, and therefore
there is not a sufficient consideration for" the promise. The
promise relied upon, therefore, being insufficient as giving a legal
ground of recovery, and the defendant not having perfected his
right as against the plaintiff in respect to his claim during covert-
ure, he is not entitled to be allowed the amount of the items in
dispute.

The judgment of the county court is affirmed.