## Bellows and Others *v.* Rosenthal.

MARRIED WOMAN.—*Separate Property.*—*Husband's Debts.*—*Evidence.*—A married woman carried on the business of a clothing merchant in her own

name, employing her husband as a clerk, the money invested in the business having been received by her during coverture, through a trustee, as a gift from her brother, to be invested in such business, and when so invested to be under her sole control, the business to be carried on in her name and for her sole use and benefit, and in the event of her death the money to go to her children by her said husband.

*Held,* that personal property purchased by her with the proceeds of said business was not subject to the debts of her husband.

*Held,* also, in a suit by such married woman to recover such personal property levied upon under an execution issued on a judgment against her said husband, that there was no error in admitting in evidence a written agreement between her said brother and said trustee, under which the money was advanced to her, its exection having been proved.

APPEAL from the Clark Circuit Court.

GREGORY, J.—This was an action for the possession of personal property, by the appellee against the appellants. The court below on a trial of the issue of fact found for the plaintiff, and overruled a motion for a new trial.

The appellee is the wife of Bernard Rosenthal, and has been for some twenty years. Some fourteen years ago the husband failed in business at Louisville, Kentucky. On the 1st of August, 1860, one Schlaughter, a brother of the appellee, advanced the sum of three thousand dollars under a written instrument signed by himself and one Silberman, the trustee of Mrs. Rosenthal. That writing is as follows: "I, Joseph Schlaughter, &c., have this day appointed Levi Silberman of &c., trustee for the purposes hereinafter named. Whereas I have this day delivered to Levi Silberman the sum of three thousand dollars, to be held by said Silberman for the sole use and benefit of my sister-in-law, Mrs. Barbette Rosenthal, wife of Bernard Rosenthal, which sum of money is to be invested in a general clothing business by said Silberman, for the use of Mrs. Barbette Rosenthal solely, said Silberman is hereby authorized to hand over to Mrs. Barbette Rosenthal, or to any person she may select, said sum of three thousand dollars, to be invested as above; and said sum when so invested is to be under the sole control of said Barbette Rosenthal, the business to be carried on in her name and for her sole use and benefit; and when so in-

vested said Barbette Rosenthal is to be solely liable for all debts and demands that may arise or be contracted during the prosecution of the business; and said Joseph Schlaughter and Levi Silberman are not to be held liable for any debts or demands whatever that may accrue during the prosecution of said clothing business. Said Silberman hereby assumes the trust herein created; and in the event of the death of said Silberman or said Schlaughter, then said sum of three thousand dollars is to be vested fully in said Barbette Rosenthal and subject wholly to her control; and in the event of the death of said Barbette Rosenthal, then said sum of three thousand dollars is to be vested in her husband, Bernard Rosenthal, for the sole use and benefit of the children of said Barbette and Bernard Rosenthal. Whenever said Levi Silberman shall file with said Schlaughter the receipt of said Mrs. Barbette Rosenthal jointly with her husband, Bernard Rosenthal, said Silberman shall be discharged fully from the obligations of this trust, said receipt specifying when and to whom said sum of three thousand dollars had been paid."

With this money the appellee engaged in the clothing business in Jeffersonville, in this State, in her own name, employing her husband as a clerk. The property in controversy was purchased by the appellee with a part of the proceeds of this business.

Mrs. Rosenthal, on her cross examination, states that the money was borrowed; and another witness says, "I think she was to pay the money back." There is no evidence that the husband ever joined with his wife in a promise to pay back the money. It is possible from the evidence that the court below might have found that Mrs. Rosenthal promised to return the money to Schlaughter. But we have a right to assume that the court did not so find. And such a finding would have been in face of the written instrument under which the money was advanced. By that instrument the money was a gift to the appellee, and in case of her death, to go to her children by her present husband.

And, moreover, a promise by the appellee to return the money would have been void, as she was laboring under the disability of coverture. We think the court below was warranted in finding that the money came to the appellee during coverture, by gift, and that under the statute (1 G. & H. 295) it was the separate property of the wife, and the proceeds thereof are not subject to the debts of the husband.

The appellants claim the property under a levy on an execution issued on a judgment against the husband.

The court below committed no error in admitting in evidence the written instrument under which the money was advanced, its execution having been proved.

Judgment affirmed, with costs.

*J. H. Stotsenburg, T. M. Brown,* and *J. Reid,* for appellants.

