ABSHIRE ET AL. *v.* THE STATE, EX REL. WILSON ET UX.

EVIDENCE.—*Certified Copies of Records.*—A certified copy of the record of a deed or a mortgage is admissible in evidence under section 283, 2 G. & H. 183 ; and the repeal of section 31, 1 G. & H. 265, by the act of May 4th, 1869, 3 Ind. Stat. 136, did not affect such admissibility.

HUSBAND AND WIFE.—*Survivorship.*—*Choses in Action.*—A promissory note made payable to a husband and wife as the consideration for separate real estate of the wife, upon the death of either of the joint payees, is taken by the other by survivorship.

From the Henry Circuit Court.

*J. T. Elliott* and *W. H. Elliott,* for appellants.

*T. W. Wilson* and *W. J. Davis,* for appellees.

BUSKIRK, J.—This was a suit on the bond of the appellant C. Bird Abshire, given in the Court of Common Pleas of Madison county, Indiana, as the guardian of Sarah A. Abshire and William E. Abshire. The suit was commenced on the relation of said Sarah A., who is now the wife of Isaac Wilson, and who joins her husband with her, and William E. Abshire, but the suit as to William E. has been dismissed. The other appellant, Nathan Murphy, executed the bond as the surety of Abshire.

There was issue, trial by the court, a finding for the plaintiffs, and, over a motion for a new trial, judgment was rendered on the finding. Overruling the motion for a new trial is assigned for error. Three of the reasons assigned for a new trial are insisted on here.

1. That the court erred in the admission in evidence of certain certified copies of the records of Madison county.

2. That the damages are excessive.

3. That the finding is not sustained by the evidence.

The court admitted in evidence certified copies of certain deeds and mortgages. It is claimed that this was illegal, because section 31 of the act concerning real property and the alienation thereof, 1 G. & H. 265, was expressly repealed by the act of May 4th, 1869, 3 Ind. Stat. 136. But it has been held that certified copies of records are admissible under sec. 283, 2 G. & H. 183, and that the repeal of said section 31, *supra,* in no manner affected the admissibility of such certified copies. *Bowers* v. *Van Winkle,* 41 Ind. 432, and the numerous cases cited; *Patterson* v. *Dallas,* 46 Ind. 48. The court committed no error in admitting such evidence.

We proceed to enquire whether the damages are excessive. The material facts are these:

In June, 1852, Eliza Abshire, then the wife of appellant Abshire, was the owner, in her own right, of a tract of land in Madison county, Indiana, which she and her husband then bargained and sold to one Williams, for the sum of one thousand dollars, payable in annual payments of one hundred dollars per year, for which Williams gave ten promissory notes payable jointly to Mrs. Abshire and her husband, and they executed to the purchaser a bond conditioned to make him a deed upon the payment of the purchase-money.

Upon the 20th day of May, 1856, Mrs. Abshire died, intestate, leaving her husband and two children, Sarah Ann, the relator, and William E. Abshire, surviving. At the time of her death, six of said notes remained unpaid, and the title to such land continued in Mrs. Abshire. Subsequent to the death of Mrs. Abshire, her husband was appointed the guardian of his two children, and, acting upon the advice of counsel, charged himself with the sum of seven hundred

and forty dollars, that being the principal and interest then due upon said notes.

Subsequent to the death of Mrs. Abshire, Williams, having paid the purchase-money, commenced an action, based upon the title-bond, for the specific performance of the contract, and made Abshire and his two children parties thereto, and the court decreed a specific performance of the contract and appointed a commissioner, who conveyed the said premises to Williams. The power of the court to decree a specific performance of the contract of a married woman for the conveyance of her separate real estate was not questioned in that action, and cannot be in this.

It fully appears from the record that the only property or effects which came into the possession of Abshire, as guardian, was the balance due upon the notes executed by Williams to Mrs. Abshire and her husband, for such real estate, and that the court below held that Abshire was not entitled to any portion of the estate left by Mrs. Abshire, but that the whole of the same descended to, and vested in, her two children. The judgment rendered was for one-half of the amount due upon said notes, with interest and damages.

Two positions are assumed by the learned counsel for appellants:

1. That, as the notes were made payable to husband and wife, they are to be treated as an estate by entireties, and upon the death of the wife survived to the husband, who took the entire estate. Estates by entireties do not exist in reference to personal property, and, in this State, only in a limited form and under a peculiar state of facts as to real estate. *Chandler* v. *Cheney,* 37 Ind. 391; *Barnes* v. *Loyd,* 37 Ind. 523; *Jones* v. *Chandler,* 40 Ind. 588; *Anderson* v. *Tannehill,* 42 Ind. 141; *Nicholson* v. *Caress,* 45 Ind. 479; Bishop Married Women, vol. 1, sec. 211. The kindred doctrine of survivorship of choses in action payable to husband and wife will be hereafter considered and decided.

2. It is contended, in the second place, that one-third of

the estate of the wife, whether treated as real or personal property, descended to and vested in her husband, and the remaining two-thirds vested in equal proportions in her two children.

It is provided by section 22 of the statute of descents, 1 G. & H. 295, that "if a wife die, testate or intestate, leaving a widower, one-third of her real estate shall descend to him; subject, however, to its proportion of the debts of the wife contracted before marriage."

The fifth section of the act of July 24th, 1853, 1 G. & H. 295, provides, that "the personal property of the wife held by her at the time of her marriage, or acquired during coverture by descent, devise or gift, shall remain her own property to the same extent and under the same rules as her real estate so remains, and on the death of the husband before the wife, such personal property shall go to the wife, and on the death of the wife before the husband, shall be distributed in the same manner as her real estate descends, and is apportioned under the same circumstances."

The above section only applies, in terms, to such personal property of the wife as was held by her at the time of her marriage, or was acquired during the coverture by descent, devise or gift, and leaves in force the common law rule in reference to personal property not acquired in one of the modes above indicated. *Noble's Ex'x* v. *Noble*, 19 Ind. 431; *Clawson* v. *Clawson's Adm'r*, 25 Ind. 229; *Cummings* v. *Sharpe*, 21 Ind. 331; *Flenner* v. *Flenner*, 29 Ind. 564; *Bellows* v. *Rosenthal*, 31 Ind. 116; *Jenkins* v. *Flinn*, 37 Ind. 349.

It is conceded that Mrs. Abshire was the owner, in her own right, of the real estate in question, and that if she had continued to own it to the time of her death, it would have descended to her husband and her two children, in equal parts. Treated as realty, it was her separate property. When it was sold voluntarily and with her consent, it became personalty. If the purchase-money had been paid to her, or if the notes had run to her, there is no doubt she would

have been the owner of the money or the notes. On the other hand, if the purchase-money had been paid, or the notes had been payable, to her husband, it would have created a strong presumption, which would have required the clearest proof to rebut, that she intended to surrender her separate rights to him, and that he received and held such money or notes for himself, and not in trust for his wife. The transmutation of her separate real estate into personalty divested her separate estate therein, and as the notes did not belong to her at the time of her marriage, and were not received by devise, descent or gift during coverture, she could not hold them as her separate personal property under the fifth section of the act of 1853. The notes being payable to her and her husband, they were neither real estate nor personal chattels in possession, but choses in action, and the surviving joint payee took them by survivorship.

In the investigation of this question, which has been very careful and thorough, and has consumed much time, we have examined a large number of authorities, which have a bearing thereon, and we cite them for the convenience of future reference. *Mahoney* v. *Bland,* 14 Ind. 176; *Johnson* v. *Runyon,* 21 Ind. 115; *Cummings* v. *Sharpe,* 21 Ind. 331; *Clawson* v. *Clawson's Adm'r,* 25 Ind. 229; *Ireland* v. *Webber,* 27 Ind. 256; secs. 92, 93 and 94 and notes, and especially note 3 to sec. 93, of 1 Bishop on Married Women; secs. 605 and 606 and notes of same book; Tyler on Inf. and Cov. 376, *et seq.*; *Shields* v. *Stillman,* 48 Mo. 82; *Gaters* v *Madeley,* 6 M. & W. 422; *Dummer* v. *Pitcher,* 5 Simons, 35; S. C., 2 Myl. & K. 262; *Richardson* v. *Daggett,* 4 Vt. 336; *Driggs* v. *Abbott,* 27 Vt. 580; *Barber* v. *Slade,* 30 Vt. 191; *Scott* v. *Simes,* 10 Bosw. 314; *The Fourth Ec. Soc. in Middleton* v. *Mather,* 15 Conn. 587; *Lodge* v. *Hamilton,* 2 S. & R. 491; *Taggart* v. *Boldin,* 10 Md. 104; *Hutchins* v. *Gilman,* 9 N. H. 359; *Siter* v. *M' Clanachan,* 2 Grat. 280; *Perkins* v. *Clements,* 1 Pat. & H. (Va.) 141; *Bowie* v. *Stonestreet,* 6 Md. 418; *Searing* v. *Searing,* 9 Paige, 283; *Temple* v. *Williams,*

4 Ire. Eq. 39; *McCrory* v. *Foster*, 1 Iowa (Clarke), 271; *Lay's Ex'rs* v. *Brown*, 13 B. Mon. 295.

It necessarily and unavoidably results, from the doctrine stated, that the appellants are not liable upon the bond in suit; for, as the notes in question survived to the husband, he cannot be compelled to account to the appellees for the money collected thereon. The money, when collected, became his own.

The judgment is reversed, with costs, and the cause is remanded for another trial, in accordance with this opinion.