No. 1,205.

## MILLS ET AL. *v.* SNYPES.

EVIDENCE.—*Deed.*—*Offered in Evidence Second Time.*—*Exclusion or Admission not Error.*—If a deed, or a copy thereof, has once been introduced in evidence without objection, it is not error to admit or exclude the same from evidence thereafter.

SAME.—*Parol Evidence of Amount of Lien.*—*Trust and Trustee.*—*Sale.*—*Balance Due.*—In an action for a balance of the proceeds of a sale of certain real estate held in trust, it was not error to admit testimony as to the amount of a claim, in the form of a mortgage, then existing against a piece of property taken in exchange for a part of the property so deeded in trust.

Appeal from the Marion Superior Court.

*F. J. Van Vorhis* and *W. W. Spencer*, for appellants.

*D. W. Howe*, for appellee.

Ross, J.—Appellee sued and recovered judgment against the appellants for a balance alleged to be due her of the consideration received by them in the sale of certain real estate belonging to her and which she had conveyed in trust to one of the .appellants to sell.

The only questions argued by counsel on this appeal arise on the action of the court in overruling the motion for a new trial.

One of the reasons assigned in the motion for a new trial was that the court erred in admitting in evidence, over the objection of the appellants, a certified copy of the deed of conveyance from the appellee to the appellant Samuel Small.

Counsel very earnestly insist that the court erred in admitting this deed in evidence, it purporting to be a certified copy of the record of the original, for the reason that it was "not properly certified according to law."

Under section 466, R. S. 1894, a certified copy of the record of a deed is competent evidence. *Abshire* v. *State*,

*ex rel.*, 53 Ind. 64; *Carver* v. *Carver*, 97 Ind. 497, and cases cited.

And in order that it may be introduced in evidence it is not necessary that the loss of the original be first shown. The rule is different, however, when an uncertified copy is offered. Before an unauthenticated copy of a deed can be introduced in evidence the original must be shown to be lost and the copy offered must be shown to be, at least in substance, a copy of the original.

The record in this case discloses that the deed complained of had been introduced in evidence early in the introduction of the appellee's evidence, and after it had been shown to be the one from the appellee to the appellant Small. True, the record shows, also, a certificate attached to such deed, signed by one A. S. Taylor, as register of deeds, but whether the original or merely a copy, it was given in evidence without any objection on the part of the appellants, either because it was not the original or not properly certified. Subsequently, it was offered in evidence a second time, when the appellants made the objections now insisted upon. Why the same deed was given in evidence a second time, we are not advised, and we see no necessity for it. Being already in evidence, it would not have been error to have excluded it when offered the second time, neither was it error to admit it. Even had the objection been made when it was first offered, we think the introduction of the deed could have done appellants no harm. They were not denying that the appellee deeded the property to the appellant Small, the only controversy between the parties being as to whether or not it was an absolute conveyance for a valuable consideration, or merely in trust, as a matter of convenience, so that when appellants found a purchaser a deed could be made and the sale closed without having to wait for appellee to procure the signature

of her husband, which would require several weeks. In neither view of the case can we see that the appellants have been harmed by the introduction of this deed.

The next ruling complained of was in the admission of the testimony of the witness William H. English, as to the amount of a claim in the form of a mortgage, then existing against a piece of property taken in exchange for a part of the property so deeded in trust. We think there was no material error in this.

A careful reading of the evidence, as found in the record, convinces us that this cause has been fairly tried, and the jury having passed upon the justness of appellee's claim from the conflicting evidence, we do not feel called upon to reverse the judgment of the court below, on account of immaterial or technical errors which in no way affect the merits of the controversy.

The judgment is accordingly affirmed.

Filed May 10, 1894.