## MAHONEY *v.* BLAND, Administrator.

At common law, where the real estate of the wife is sold by the husband and wife, the money or personal property received therefor by the husband, vests absolutely in him; and the statute (Acts of 1853, p. 57,) does not change the rule, as to property acquired by the wife by purchase.

APPEAL from the *Hendricks* Court of Common Pleas.

WORDEN, J.—This was an action of replevin by the appellee against the appellant for a certain mare and colt. Trial by the Court; finding and judgment for the plaintiff in respect to the mare, a motion for a new trial being overruled.

The material facts involved are as follows: Mrs. *Clifford*, in her lifetime, was the owner by devise (not, how-

ever, to her separate use) of a certain piece of real estate, which she, together with her husband, *John Clifford*, conveyed to one *Weatherell*, in exchange for the mare in question.    *John* received the mare, and kept her for some time, and then sold her to the defendant.

We are of opinion that on these facts the finding and judgment cannot be sustained.    There can be no doubt that at common law, where the real estate of the wife is sold by the husband and wife, the money or personal property received therefor by the husband vests absolutely in him.    The statute (Acts of 1853, p. 57,) does not, in our opinion, change the rule.    That provides that personal property acquired by the wife during coverture, by descent, devise, or gift, shall remain her separate property, &c., but does not apply to property acquired, as in this case, by contract of purchase.

It is unnecessary for us to decide what would be the effect of an agreement or understanding that property received in exchange for real or personal property of the wife, should, like that disposed of, be the property of the wife, or be held by the husband for her use, as no such agreement or understanding was shown in the case.

It follows that *John Clifford* had a right to dispose of the mare, and that the defendant, by his purchase, acquired a good title.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. C. Nave* and *J. Witherow*, for the appellant.

*P. S. Kennedy* and *E. Singer*, for the appellee.