## IRELAND *v.* WEBBER and Another.

HUSBAND AND WIFE.—WIFE'S SEPARATE PROPERTY.—A writ of attachment, issued against the property of A, was levied upon a wagon. The wife of A was, upon her application, made a party, and set up a claim to the property attached. The evidence showed that at, and after, the time of marriage, the wife was the owner of a tract of land, which was sold, and the money received therefor was, with her consent, kept in the possession of the husband for three days, when a portion of it was invested in the purchase of the wagon attached, with the understanding that it should remain her property.

*Held*, that the husband never reduced the proceeds of the wife's land to his possession, so as to vest the ownership in him.

*Held*, also, that the wagon was the property of the wife, and not subject to the attachment.

ATTACHMENT.—PERSONAL JUDGMENT.—When the property taken upon a writ of attachment is claimed by a person other than the attachment defendant, and on the trial is found to be the property of such person, no judgment can be rendered against the attachment defendant, unless there has been personal service of process.

APPEAL from the *Vermillion* Circuit Court.

GREGORY, J.—*Ireland* sued *Francis Webber*, and upon affidavit of non-residence procured the issuing of a writ of attachment. There was no personal service of process, but publication was made. The only property attached was a wagon. No writ of garnishment was issued. *Harriet*

*Webber* filed her petition under oath, in which she avers that she is the wife of the defendant; that she intermarried with him in 1865; that during the month of *March*, 1866, the defendant abandoned her and left for parts to her unknown; that at the time of the marriage she was the owner in fee, in her own right, of a tract of land, by inheritance from her father; that soon after her marriage with the defendant, she sold the land for four hundred and eighty-five dollars, with a part of which she purchased the wagon; that she held the same as her own personal property; that the wagon had continued to be, and was then, the property of the petitioner; that she had an interest in the event of the suit.

The petitioner, without objection, was made a co-defendant, by order of the court, and was ruled to answer. She answered in two paragraphs: 1. The general denial. 2. "That the property attached in this suit by the plaintiff is not the property of *Frank D. Webber*, but is the separate property of this defendant, bought for her, and with her own individual money. Wherefore she prays judgment for the property and her costs."

The plaintiff demurred to the second paragraph of the answer. The court overruled the demurrer. The plaintiff excepted. Replies were filed to the second paragraph of the answer. Trial by the court. Finding for the defendant *Harriet.* Motion for a new trial overruled. The court refused to render a personal judgment against the defendant *Francis Webber.*

The errors assigned and urged for the reversal of the judgment of the court below are, first, the overruling of the demurrer to the second paragraph of the answer; second, the overruling of the motion for a new trial; and third, the refusal of the court below to render a personal judgment against *Francis Webber.*

We think the second paragraph of the answer was sufficient. It is urged that it is defective, in not showing that the property was held by the wife at the time of her marriage,

VOL. XXVII.—17

or that it was acquired by her during coverture, by descent, devise, or gift. We think there is nothing in this objection. The fact that the property attached is the separate property of the wife is averred. How it became so is matter of evidence and not of pleading.

It is urged that the evidence does not sustain the finding. *Harriet Webber* testified, that during coverture a tract of land, belonging to her, was sold by her and her husband for four hundred and eighty-seven dollars; the money was received by the husband in her presence; that it was put into the husband's pocket-book, kept there till the third day after the land was sold, and a part of it then used, with her consent, in the purchase of the wagon, with the understanding that it should remain her property; that the husband used the wagon, and afterwards absconded, leaving it in her possession; that she had paid a painter for painting it; that the husband told her just before he went away that the wagon was hers. Three other witnesses testify that they heard the husband say, a short time before he ran away, that the wagon was purchased with the wife's money, that he considered it hers, and that he would leave it with her.

The statute provides, that "the personal property of the wife, held by her at the time of her marriage, or acquired during coverture by descent, devise or gift, shall remain her own property to the same extent and under the same rules as her real estate so remains." 1 G. & H., § 5, p. 295.

It is claimed that inasmuch as the property in controversy was not held by the wife at the time of her marriage, and was not acquired by her during coverture by descent, devise or gift, it is liable to attachment as the property of the husband for the payment of his debts. We think otherwise.

The appellant relies on *Mahoney* v. *Bland, Admr.*, 14 Ind. 176, for a reversal of the judgment in the case at bar. But we do not think that that case can be reconciled with the ruling in *Johnson* v. *Runyon et al.*, 21 Ind. 115. Under sec-

tion five of the act touching the marriage relation and the liabilities incident thereto, the lands of a married woman, as well as the rents, issues and profits therefrom, are her separate property. We cannot see why property purchased with the proceeds of the sale of the wife's lands is not as much hers as that purchased with the proceeds of the rents, issues and profits therefrom. But it is clear to our minds that the husband never reduced the proceeds of the sale of the wife's land to possession, so as to vest in him the ownership. The fact that he had the money in his pocket-book for three days, and afterwards used the wagon, in the absence of any claim of ownership, is not such a reducing to possession as to vest the title in him. The understanding between the husband and wife, that the wagon should be the property of the latter, is of itself sufficient to rebut the presumption arising from the possession, that the husband intended to reduce the wife's property to his possession, so as to vest the title thereto in him. Two things must have concurred to vest the property in the husband: the possession of the husband, with an intention on his part to claim it as his own, and the wife's consent thereto, either express or implied.

The court below committed no error in overruling the motion for a new trial. The wagon was the only property attached, and there was no personal service of process on the defendant *Francis Webber.* He did not appear. The court below, therefore, was right in refusing to render a judgment against him.

The judgment is affirmed, with costs.

*W. Eggleston, A. G. Porter, B. Harrison* and *W. P. Fishback,* for appellant.

*B. E. Rhoads, J. E. McDonald, A. L. Roache* and *D. Sheeks,* for appellees.