## WEBSTER, GUARDIAN, *v.* WADSWORTH ET UX.

CONTRACT.—*Step-Father.*—W. married a widow who had a child by a former husband. He took the child into his family as a member of it, without any contract with the guardian for compensation for board, clothing, care, etc.

*Held*, that W. could not maintain an action against the guardian for boarding, clothing, and schooling the child, notwithstanding the latter had a separate estate.

From the Daviess Common Pleas.

*J. W. Burton*, for appellant.

OSBORN, J.—The appellees brought an action in the court of common pleas of Daviess county against the appellant, as guardian of the property of Stephen D. Webster, minor heir of James Webster, deceased, in which they claimed three hundred and twenty-five dollars for boarding, clothing, and schooling the minor two hundred and sixty weeks. The appellant, under the order of the court, filed an answer of general denial. The cause was tried by the court, who found for the appellees, and that there was due them from the appellant, as guardian of the estate of his ward, the sum

of fifty dollars, and over a motion for a new trial, judgment was rendered on the finding.

The error assigned is for overruling his motion for a new trial.

The evidence is set out in the bill of exceptions, and it shows that Stephen D. Webster, the appellant's ward, and whose estate the appellees seek to charge, is the son of the appellee Elvira J. Wadsworth and Dr. James Webster, deceased; that Dr. Webster died, leaving Elvira J., as his widow, and Stephen, their only child; at that time he was a mere infant. Afterward, and when Stephen was from four to six years-old, she intermarried with the appellee Silas Wadsworth. They have no other children. He has lived with them ever since their marriage as a member of the family. No contract has ever been made with the guardian to pay for boarding, clothing, or schooling the boy. His mother received a considerable estate, estimated from six to fourteen hundred dollars, from the estate of Dr. Webster. Silas Wadsworth is worth fifteen hundred dollars over and above his debts, and is engaged in a profitable business. The estate of the boy is worth one thousand dollars. The appellant is the grandfather of Stephen, and testified that he offered to take, board, clothe, and educate him without charge, if the appellees would allow him to do so. The appellee Silas denied that such offer was made to him. Joseph Trueblood testified that he heard the appellant tell the appellee Silas Wadsworth, that if he would let him have the custody of the boy Stephen, he would give him more than a free school education, and it should not cost him anything.

The evidence does not sustain the finding of the court. The appellee, in his testimony, states that there was no contract to pay the bill, and taking all the evidence into consideration, it does not establish an implied promise or legal obligation to pay it. It is manifest that the pleasure of the society of the boy was considered an equivalent for the cost

of his support and education. *Clark* v. *Casler*, 1 Ind. 243; *Resor* v. *Johnson*, 1 Ind. 100.

The judgment of the said Daviess Common Pleas is reversed, with costs. Cause remanded, with instructions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.