Gerard v. Dill.

No. 10,630.

GERARD v. DILL.

WORK AND LABOR.—*Set-Off.—Implied Contract.—Member of Family.—Account.*—To a common count 'for work and labor, an answer of set-off, or in bar, averring that the plaintiff, being a child four years old, destitute and abandoned by his parents, was taken by the defendant, as an act of charity, and without contract, and provided for, nurtured and educated as a member of his family, and containing a statement of account therefor, is bad as a bar, inasmuch as it does not deny the implied contract to pay for the labor which is shown by the complaint, nor state facts implying such denial, and bad as a set-off because it shows that the acts done for the plaintiff were gratuities.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *W. T. Brush*, for appellant.

*A. D. Thomas*, for appellee.

ZOLLARS, J.—Appellee brought this action in the court below to recover from appellant for work and labor. The complaint is in two paragraphs. The second is based upon a breach of an alleged express agreement to pay in certain specific articles. The first is a common count for work and labor, in which the labor is averred to have been of the value of $1,200, and to have been performed at the special instance and request of appellant, between 1866 and the 5th day of August, 1881. To this paragraph a general denial and two special answers were filed, to all of which, except the general denial, a demurrer was sustained. Upon the verdict of a jury, judgment was rendered against appellant for $50.

The evidence is not in the record. No question is made in this court except upon the ruling of the trial court in sustaining the demurrer to the answers.

The first paragraph of the complaint makes a case of a promise, on the part of appellant, to pay what the labor was reasonably worth. The work having been performed at his instance and request, as alleged, the law implies a promise to pay a reasonable compensation. The answers indicate that

the second was pleaded as a set-off, and the third in bar, but we think that neither is good for the purpose it seems to have been intended. In the second it is stated, substantially, that in 1866 appellee was a child of four years of age, without home or care, having been abandoned by father and mother; that as an act of *charity*, and without any contract whatever, appellant took him to his, appellant's, home, cared and provided for, nurtured, raised and educated him as one of his own family, etc. The several items for board, clothing, schooling, etc., are set out, with a prayer that the value of the same be set off against the claim of appellee, as stated in the first paragraph of the complaint.

In the third paragraph the same facts, substantially, are set up, and the statement repeated that what was thus done for appellee by appellant was as an act of *charity*, and without any contract with any one. The purpose of the pleader seems, to have been to bring the case within the doctrine of those cases holding that where a child is thus taken into a family, and provided for as a member thereof, the benefactor can not recover for the support furnished, nor the child for labor performed while this relation exists, in the absence of a contract therefor. Clearly, the complaint does not state a case within that doctrine, nor do the answers bring the case within it.

We have no doubt that the main facts set up in the second answer, omitting the declarations of gratuity on the part of appellant, might have been so pleaded as to constitute a valid set-off, and we are inclined to the opinion, although it is not necessary for us to so decide in this case, and we do not decide, that those main facts might have been so pleaded as to constitute a bar to a recovery under the first paragraph of the complaint. As we have said, the first paragraph of the complaint states facts from which the law implies a promise to pay a reasonable compensation for the labor. This promise the answers do not negative, nor do they state facts from which the law implies such negative. The statements in the answers, " without any contract whatever," apply only to the acts per-

formed by appellant, and not to the labor by appellee. The case, then, stands upon the declaration in the complaint that appellee performed the labor at the special instance and request of appellant, from which the law implies a promise to pay, and the statements in the answers, that the care, nurture, etc., by appellant, were without contract, and as an act of charity. Charity, as defined by the lexicographers, means benevolence, a gift, benefaction, or gratuity to the poor.

Appellant clearly had the right, if he saw fit, to perform the generous offices without contract for pay, and as a charity, or gratuity, and at the same time remain liable upon an implied promise to pay appellee for his labor. This he seems to have done, as we must judge of his acts from the case before us. There being no promise, express or implied, on the part of appellee to pay for the kindly offices, but, on the contrary, they having been rendered as a charity, appellant can not now be heard to set them up as a set-off or in bar of appellee's claim for labor performed as in the complaint alleged.

It follows, therefore, that the trial court did not err in sustaining the demurrer to the answers.

The judgment is affirmed, at the costs of appellant.

Filed Oct. 10, 1883. Petition for a rehearing overruled June 26, 1884.