Filed Oct. 14, 1890.

---

### No. 14,463.

### LOCKWOOD, ADMINISTRATOR, *v.* ROBBINS.

DECEDENTS' ESTATES.—*Claim.*—*Sufficient Statement of.*—The statement of a claim against an estate is sufficient if it shows the nature and amount of the claim with sufficient precision to bar another action and a *prima facie* right to recover.

SAME.—*Claim for Work and Labor.*—*When Due.*—A claim for work and labor is presumably due after the person for whom the work is performed is dead, although it is not essential that it should be due in order to constitute a valid cause of action against an estate.

SAME.—*Minor.*—*Recovery of Reasonable Value of Services upon Implied Contract.*—Where an orphan minor enters the service of another, and is not cared for or treated as a member of the employer's family, and performs labor at his request, he is entitled to recover what his services are reasonably worth, less board, clothing, etc., furnished, although there was no contract for his remuneration.

From the Steuben Circuit Court.

*W. L. Penfield,* for appellant.

*D. D. Moody* and *J. E. Rose,* for appellee.

MITCHELL, J.—Leon Robbins filed a claim for three years and six months work and labor against the estate of Alonzo Lockwood, deceased.

The statute requires that in prosecuting claims against an estate a succinct statement of the nature and amount of the claim shall be filed in the office of the clerk of the court in which the estate is pending. It is, hence, not necessary that

there should be a formal complaint, if the statement shows the nature and amount of the claim with sufficient precision to bar another action and a *prima facie* right to recover. *Hileman* v. *Hileman*, 85 Ind. 1 ; *Huston* v. *First Nat'l Bank*, 85 Ind. 21 ; *Thomas* v. *Merry*, 113 Ind. 83.

A claim for work and labor is presumably due after the person for whom the work is performed is dead, although it is not essential that it should be due in order to constitute a valid cause of action against an estate. Section 2310, R. S. 1881 (Elliott's Supp., section 385).

The material facts, as returned in a special verdict, were, that the plaintiff, a minor about twelve years old, without father or other guardian, entered the decedent's service in 1876, and continued therein until March, 1880, during which time he performed service for the latter at his instance and request of the value, after deducting board, clothing, washing and mending, furnished by the decedent, of eighty dollars. The services were not performed under any contract between the plaintiff and decedent, nor between the latter and any other person authorized to contract for the plaintiff.

Upon the facts found the court very properly entered judgment for the plaintiff.

It does not appear that the plaintiff was taken into the decedent's family and cared for and treated as a member thereof. On the contrary, he entered his service and performed labor at the decedent's instance and request, and although there was no special contract for remuneration, the law raises an implied obligation to pay what the services were reasonably worth. *Gerard* v. *Dill*, 96 Ind. 476.

Where one is taken into the family of another, and is regarded and treated in every respect as a member of the household, then, even though there may be no ties of blood, there is no implied obligation to pay for services rendered on the one hand nor for board furnished on the other. *Brown* v. *Yaryan*, 74 Ind. 305, and cases cited ; *Marquess* v. *La*

*Baw*, 82 Ind. 550; *Wright* v. *McLarinan*, 92 Ind. 103. The present is, however, not such a case.

The judgment is affirmed, with costs.

Filed Oct. 15, 1890.