No. 1,005.

PARRETT, ADMINISTRATOR, v. PALMER, ADMINISTRATOR.

HUSBAND AND WIFE.—*Wife's Separate Estate.*—*What Consists of.*—Not only is the property actually acquired by gift, devise, or descent, preserved to the married woman, but also the proceeds of such property, whether the natural increase or the money procured by its sale or other property purchased with that money.

SAME.—*Wife's Separate Estate.*—*Use of by Husband with Wife's Consent.*—*Trustee.*—*Gift.*—Where the husband, with the wife's consent, used money belonging to the wife, as part of her separate estate, in building a family residence, and there was nothing to indicate that the wife intended the money as a gift, it will be presumed that, as to such money, the husband is the trustee of the wife, and the husband or his estate is liable to the wife for such money.

SAME.—*Personal Property.*—*Rights in, How Affected by Marriage.*—*Governed by Law of Husband's Domicil.*—The respective rights of the husband and wife in their personal property, acquired by them by their marriage, are determined by the law of the place of their marital domicil, and that, in the absence of any contrary intention, is the domicil of the husband at the time of the marriage.

From the Fountain Circuit Court.

*W. A. Tipton, C. S. Wesner, H. H. Stilwell* and *W. F. Stilwell*, for appellant.

*J. A. Lindley* and *O. P. Lewis*, for appellee.

GAVIN, J.—The appellee, as administrator of the estate of Caroline Parrett, deceased, filed a claim against the estate of her deceased husband, William Parrett, for her $500, and also for additional sums received by him from her in 1857.

There was a trial and special finding of facts, with a motion for new trial and exceptions to the conclusions of law overruled.

From the facts found, it appears that at the time of his marriage to Caroline, in 1856, William Parrett was a resident of Fountain county, Indiana, while she was a

resident of the State of Ohio, where they were married; that Caroline received, as the proceeds of the real and personal property owned by her in the State of Ohio, the sum of $2,900, which money was received by her after her marriage with said William, and while they were both temporarily in the State of Ohio. Afterwards, and prior to 1860, $1,200 of this money was used by her husband, with her consent, in the erection of a dwelling house upon his lands, to be used as a family residence, in which both lived until their death, in 1892, the husband dying intestate three days before the wife. No express agreement was made to repay the money so used by William.

Upon these facts the court concluded that appellee was entitled to recover the $500, and also the further sum of $1,272.

The appellant insists that the conclusion as to the $1,272 is erroneous.

The laws of Ohio are not before us, and appellant contends that the common law is presumed to be in force there, and that the law of Ohio determines the right to the money received by Mrs. Parrett, because she was married in Ohio and received it there.

We do not so understand the rule. The respective rights in their personal property, acquired by husband and wife, by their marriage, are determined by the law of the place of their matrimonial domicil, and this, in the absence of any contrary intention, is the domicil of the husband at the time of the marriage, which was in Indiana. Story on Conflict of Laws, sections 191–199; Wharton on Conflict of Laws, section 190; 5 Am. and Eng. Encyc. of Law, 868.

By her marriage, the wife acquired the domicil of the husband. *McCollem* v. *White,* 23 Ind. 43; *Jenness* v.

Parrett, Administrator, *v.* Palmer, Administrator.

*Jenness*, 24 Ind. 355; *Cooper* v. *Beers*, 33 N. E. Rep. 61; 5 Am. and Eng. Encyc. of Law, 868.

Appellant further contends that even under the law of Indiana in force from 1856 to 1860, when the wife sold her separate property and received money for it, the money became the property of the husband, because it was not acquired by gift, devise, or descent, but by purchase, and was not the money of the wife at the time of her marriage.

Section 5116, R. S. 1881, which was then in force, provides that "No lands of any married woman shall be liable for the debts of her husband; but such lands, and the profits therefrom, shall be her separate property, as fully as if she were unmarried: *Provided*, That such wife shall have no power to incumber or convey such lands, except by deed in which her husband shall join."

By section 2488, R. S. 1881, in force since 1853, "The personal property of the wife held by her at the time of her marriage, or acquired, during coverture, by descent, devise, or gift, shall remain her own property to the same extent and under the same rules as her real estate so remains."

We can not concur in giving to these provisions the narrow construction claimed by counsel. On the contrary, we are strongly of the opinion that not only the property actually acquired by gift, devise, or descent, is preserved to the married woman, but also the proceeds of such property, whether the natural increase or the money produced by its sale, or other property purchased with that money. It would be a barren ideality, indeed, to hold that a woman should have the rent, corn that grew on her land, or could own a drove of hogs given her by her father, but if she sold them the money would be her husband's. Such a holding would not accord with the spirit of later times.

The case of *Mahoney* v. *Bland, Admr.*, 14 Ind. 176, is relied upon by appellant in support of his proposition, and it does sustain it, but it has been repudiated by later cases.

In *Ireland* v. *Webber*, 27 Ind. 256, it is said: "We can not see why property purchased with the proceeds of the sale of the wife's lands is not as much hers as that purchased with the proceeds of the rents, issues and profits therefrom." "It is claimed that, inasmuch as the property in controversy (having been bought with the proceeds from the sale of her lands) was not held by the wife at the time of her marriage, and was not acquired by her during coverture by descent, devise or gift, it is liable to attachment as the property of the husband, for the payment of his debts. We think otherwise.

"The appellant relies on *Mahoney* v. *Bland, Admr.*, 14 Ind. 176, for a reversal of the judgment in the case at bar. But we do not think that the case can be reconciled with the ruling in *Johnson* v. *Runyon*, 21 Ind. 115."

In *Bellows* v. *Rosenthal*, 31 Ind. 116, it is decided that goods purchased with money which was her separate estate, or the proceeds thereof, were the separate property of the wife.

In *Derry* v. *Derry*, 98 Ind. 319, it is said that a trust results to the wife where the husband takes in his own name title to land purchased with the "proceeds or accumulations" from his wife's separate estate in his hands.

In *Garner* v. *Graves, Admr.*, 54 Ind. 188, our Supreme Court held that notes taken by the husband in his own name, in payment for his wife's real estate, belonged in equity to her, and not to his estate.

Whatever language there may be in *Abshire* v. *State, ex rel.*, 53 Ind. 64, which would seem in its literal interpretation to be inconsistent with these holdings, must be

considered with reference to and limited to the circumstances of that particular case.

The principle asserted is no new one. We find it supported by Story's Eq. Jur., section 1375, where he is speaking of the separate allowances to a wife at common law: "And if such allowances are invested in jewels or other ornaments, or property, the latter will be entitled to the same protection against the husband and his creditors." See also *Liebes* v. *Steffey* (Ar.), 32 Pac. Rep. 261; *Knapp* v. *Smith*, 27 N. Y. 277; *Schurman* v. *Marley*, 29 Ind. 458.

We think the rule is well expressed by the language of the court in *Spooner* v. *Reynolds*, 50 Vt. 437: "If a married woman purchases personal property with money of her own, the property thus purchased is as much hers as was the money with which she purchased it."

It being established that this money was, in the hands of Mrs. Parrett, her separate property, and governed by our statute, the question then arises as to whether or not under the facts stated there is any liability upon the part of the husband's estate to account to her.

The facts found are quite meager, but we are compelled to determine the correctness of the legal conclusions from the facts stated alone, without their being aided by inferences which might have been fairly and with propriety drawn from the evidence.

We have here a case where the wife's money passes directly and voluntarily from her hands to that of her husband, with no finding as to whether a gift was intended, or whether he received the money simply as an agent or trustee for her. Under such circumstances what is the presumption of the law?

It has long been conceded to be the law that a woman could bestow her separate property upon her husband by way of gift, unless prevented by some special limitation

of her powers over it, but courts of equity view such transactions with care and caution, and in dread of undue influence.    Story Eq. Jur., section 1395.

"There is no doubt that courts should narrowly scrutinize cases of alleged gifts from the wife to the husband." *Hardy* v. *Van Harlingen*, 7 O. St. 208.

"As regards the corpus of the separate estate, no presumption arises in favor of a husband who has received it. He is *prima facie* a trustee for his wife, and a gift from her to him will not be inferred without clear evidence." 2 Lewin on Trusts, *778.

"A simple payment by the wife to the husband of the income of her separate estate may be treated as a gift to him. * * The receipt by him of separate capital moneys of the wife stands on a different footing. A transfer of her separate property into his name is *prima facie* no gift." Crawley's Law of Husband and Wife, 268.

So also in Eversley on Dom. Rel. 409. "She may make a gift of her separate property to her husband for his own use, or that of the family, but the onus lies upon the husband of proving that a gift was intended, and that he has not influenced her act and conduct." *Rich* v. *Cockell*, 9 Ves. 369; *Hughes* v. *Wells*, 9 Hare, 749; *Wales* v. *Newbould*, 9 Mich. 45; *Boyd* v. *De La Montagnie*, 73 N. Y. 498; Reeves Dom. Rel. (4th Ed.), 216, note; *McNally* v. *Weld*, 30 Minn. 209; *Green* v. *Carlill*, 4 Ch. Div. 882; *Jones* v. *Davenport*, 44 N. J. Eq. 33; *Bergey's Appeal*, 60 Pa. St. 408.

In our own State the holdings of the Supreme Court strongly support the doctrine announced above.

In *Hileman, Admr.*, v. *Hileman*, 85 Ind. 1, the ruling was to the effect that the presumption of law, under the statute of this State, is that the separate property or money of a wife, which is taken into the possession of the husband, is to be considered as taken by him for her

use and benefit, until such presumption is overcome by evidence that a gift was intended.

Judge MITCHELL says in *Armacost, Admr.*, v. *Lindley, Admr.*, 116 Ind. 295: "Transactions between husband and wife are presumably influenced by the peculiar relation which exists between them, and where a husband obtains possession of the separate money or property of his wife, it must appear from all the circumstances that the wife intended to make a gift of it to him."

In the case from which we have last quoted, it was decided that where the notes for the purchase-money of her land were taken, payable to the husband, with the wife's consent, but at his suggestion, the law would presume, nevertheless, that he thus took her separate estate as her trustee, and not for his own benefit.

In *Denny* v. *Denny*, 123 Ind. 240, the holding in *Hileman, Admr.*, v. *Hileman, supra*, is reaffirmed, and the distinction between the income and the principal of the fund is clearly drawn. It is there decided that where the husband, with the consent of the wife, receives and uses her separate income for the benefit of the family, a gift will be presumed, but it is said, "A well established distinction exists, however, when the husband receives and appropriates the corpus or principal of his wife's separate property."

The trust and confidence ordinarily reposed by the wife in the husband, her natural reliance and dependence upon him for the management of her business; the fact that as a rule the husband is possessed of general business experience, while the experience of the wife is usually limited; all these considerations sustain us in the conclusion that where the wife voluntarily delivers her money to the husband, the law presumes that he takes it as trustee for her, and not as a gift, even though there be no express promise to repay.

There are some cases maintaining a different doctrine, but we do not believe them to be in harmony with the legislation or the judicial interpretation of our State. Nor is the mere fact that the huband in this case, with her consent, used the money in building a family residence on his land, in itself sufficient, as the case comes to us on a special finding, to rebut and overthrow this presumption. This, taken in connection with other circumstances, such as the respective values of their estates, failure to assert any claim for a long period of time, and any others which might throw light on the intentions of the parties, might justify a trial court in drawing the inference of fact that a gift was in truth intended, but no such intention is found by the facts in this case, and such intention is an essential element of appellant's case, and must be specifically found before the opposite presumption can be deemed overcome.

There is, in our judgment, sufficient evidence to sustain the findings. The claim was not barred by the statute of limitations, which does not run as to dealings between husband and wife. *Barnett* v. *Harshbarger, Admr.*, 105 Ind. 410.

The claim was stated with sufficient accuracy to enable the appellee to recover on the proof made. *Hileman, Admr.,* v. *Hileman, supra.*

In presenting claims against estates, it is sufficient if the statement shows the nature and amount of the claim with sufficient precision to bar another action, and show a *prima facie* right to recover. *Lockwood, Admr.,* v. *Robbins,* 125 Ind. 398; *Doan* v. *Dow,* 35 N. E. Rep. 709.

We find no error in the record.

Judgment affirmed.

Filed Nov. 28, 1893.