Ross, J.
The judgment appealed from was rendered upon an account filed by the appellee against the estate of John T. Bledsoe.
The facts, as found by the court, are as follows:
“That John Bledsoe died intestate some time in 1892; that he left the plaintiff, his widow, surviving , and several children of a former wife and of the plaintiff surviving him; That William 0. Haymond is the administrator of his estate; that the plaintiff and the decedent intermarried about the year 1858; that the plaintiff had been previously married and had children by such first marriage; that upon the settlement of her first husband’s estate, and after her marriage with the decedent, and along for several years, she received various sums of money, both from the estates of her deceased husband and father, amounting, in the aggregate, to about $600; that upon the receipt of such several sums of money she allowed the decedent to take and use the same in his business and for support of his family without any understanding as to whether the same was a loan or gift; that at the time of this marriage with the plaintiff the decedent was not in very good circumstances financially, but that up to the time of his death he had accumulated property to the amount of about $4,000, after the payment of the debts of his estate; that the plaintiff and the decedent lived together as husband and wife up to the time of his death, with their children.”
Upon these facts the court concluded: “That the decedent received the $600 as trustee for his wife, the plaintiff, and that the estate of the decedent is liable to her therefor, with interest thereon from March 28,1893, the date of the filing of the claim.”
The errors assigned are:
“1st. That the court erred in the conclusions of law stated upon the special findings of facts.
*204 “2d. That the court erred in-overruling the appellant’s motion for a new trial.”
There is no conflict in the evidence, and its tendency is to establish all of the facts found by the court.
Counsel for the [appellant insist that when appellee turned the money over to her. husband it was in the nature of a gift, and for that reason no right of action exists in her favor for its recovery.
In support of this contention, counsel cite us to Perry on Trusts (3d ed.), section 666, where the author says: “If the husband uses the wife’s property in his business for the support of his family, with her knowledge and consent, a gift may be inferred.”
It will be noticed that the learned author does not say that when the husband uses the wife’s property in his business for the support of his family, with her consent, a gift is inferred, but only that it may or may not be inferred, according to the attending facts and circumstances.
In Bristor, Admx., v. Bristor, 93 Ind. 281, the court says: “It has long been the rule of the courts that where the husband, with the knowledge and consent of the wife, applied the income arising from her separate estate to the benefit of the family, no charge could accrue against him, in the absence * * of an understanding or agreement on his part to repay her.”
As an abstract proposition of law, the above quotation from Perry on Trusts may be true, but it is surely subject to limitation in its application. Much depends upon the facts and circumstances of each particular case, hence it is almost impossible to announce a rule applicable to every case. The trend of the more recent cases is that on account of the peculiar relation existing between husband and wife, the inference which naturally arises from a transfer of her separate property to him is to create a *205 trust, and if a gift was intended the onus is upon the party seeking to uphold it.
Filed Nov. 2, 1894.
For, as Mitchell, J., in Armacost, Admr., v. Lindley, Admr., 116 Ind. 295, says: “Transactions between husband and wife are presumably influenced- by the peculiar relation which exists between them, and where a husband obtains possession of the separate money or property of his wife, it must appear from all the circumstances that the wife intended to make a gift of it to him.”
While it is true, as stated in Bristor, Admx., v. Bristor, supra, that when a husband receives and applies the income arising from his wife’s estate to the support and maintenance of their family, with her knowledge and consent, she can not recover the same back from him in the absence of an understanding or agreement on his part to repay her, yet the rule is different when he receives and uses the principal of her separate estate. This distinction is clearly made in many of our cases. Parrett, Admr., v. Palmer, 8 Ind. App. 356; Hileman, Admr., v. Hileman, 85 Ind. 1; Denny, Exrs., v. Denny, 123 Ind. 240.
Following these cases, which we think are decisive of the questions involved in this case, the judgment will have to be affirmed.
Judgment affirmed.