Filed November 1, 1895.

---

No. 1,923.

## CROXTON, GUARDIAN, ET AL. *v.* FOREMAN.

CONTRACT.—*Compensation for Care of Child.—Family Relation.— Implied Contract.*—No implied agreement for compensation for the care of a child arises from the mere fact that she is supported by a person not a relative, who treats her in all respects as if she were his own child, and who assumed the charge of her without any expectation of compensation.

From the Steuben Circuit Court.

*F. M. Powers;* for appellants.

*D. M. Link, F. S. Roby, J. A. Woodhull* and *N. W. Gilbert,* for appellee.

LOTZ, J.—This was an action by the appellee against Mina C. Day, a person of unsound mind, and William G. Croxton, as guardian of said Mina, to recover for board and clothing furnished to Dora Day, the minor child of said Mina.

The facts essential to the determination of this controversy, as shown by the undisputed evidence, are substantially as follows:

Samuel Day, the husband of Mina C. Day, died in 1882, leaving his wife and three infant daughters surviving him. Dora was then a few months old. In December, 1882, Mina C. Day was adjudged to be a person of unsound mind, and is still insane, the appellant Croxton being her guardian. After the mother was declared insane the family was broken up, and Dora was taken to the infirmary of Steuben County to be cared for. Shortly afterwards a man by the name of Welch, living in the county, went to the infirmary and got the child and took her into his family, where he kept her a few months. The appellee was then a married man, having a wife but no children in his home. Welch being about to take up his residence in Ohio, and the appellee, being desirous of having a child in his family, procured Dora from Welch and took her to live with him in his family. She continued to live with him as a member of his family for the period of about eighteen months, when the appellee was divorced from his wife. After he was divorced he lived alone for about three years, during which time he hired the child boarded at a neighbor's where it was convenient for him to see her. During this time he clothed her and paid from $1.25 to $2.00 per week for her board. Appellee remarried and took the child into his family, where she was treated in all respects as a member of his family. He taught her to call him father and his wife mother. He taught her of evenings to read and write, and sent her to the district schools of the neighborhood, and gave her such advantages for procuring an education as were in his power. He provided her with comfortable apparel and such other necessaries as his means and circumstances

would reasonably permit, and treated her in all respects as if she were his own child.    Appellee testified that he took the child into his home because he had no children of his own and wanted a child in his family ; that he had no contract with any one to pay him for the care and expense he would bestow upon her, and that he had no intention of making any charge for the care and expense incurred on her account ; nor had he any expectation of receiving any pay therefor when he first took her into his family.

The child had been in his family and under his care for about ten years when a guardian was appointed for her, and the guardian took her away from him.    The appellee also testified that he would like to have the child with him yet, and that when he is through with what little property he has left, it will go to the child ; that he would not have filed this claim if he had not a mortgage upon his farm which he was desirous of paying off.    Samuel Day, the father of Dora, was a soldier in the late civil war.    In 1888 the guardian of the mother received a widow's pension for his ward.    Before this time the mother was entirely destitute.    The pension money in the hands of the guardian is about $3,800.00.    A portion of the pension money, according to the United States pension laws, is paid to the guardian on account of the infant children of the deceased father and soldier.    The guardian of the insane mother has at different times given to appellee small sums of money and contributed clothing to aid appellee in caring for the child, aggregating in all to about $200.00.

Upon these facts the court below found for the appellee, and rendered judgment in his favor in the sum of $395.00.

Appellant's motion for a new trial was overruled, and this ruling is the error assigned in this court.    Appel-

lants' contention is that the finding and judgment is contrary to the law and contrary to the evidence.

It is apparent from the facts stated, that during the time the appellee's claim for compensation accrued the family relation existed between him and Dora Day. It is the settled law of this State that where such relation exists, whether natural or assumed, there is in the absence of an express agreement, or circumstances from which an agreement may be fairly inferred, no obligation to pay for board and necessaries on the one hand nor for work on the other. *Doan, Exr.*, v. *Daw*, 8 Ind. App. 324; *James, Admr.*, v. *Gillen*, 3 Ind. App. 472; *Lockwood, Admr*, v. *Robbins*, 125 Ind. 398; *Marquess* v. *La Baw*, 82 Ind. 550.

It is true that if there be any evidence tending to establish an express contract or circumstances from which it may be inferred that there was an agreement or understanding that compensation was to be made, then this court will not disturb the finding or verdict upon the weight of the evidence, for the existence of such contract or understanding is a question of fact for the court or jury trying the case. *Forester* v. *Forester*, 10 Ind. App. 680; *Puterbaugh, Admx.*, v. *Puterbaugh*, 7 Ind. App. 280.

But in the case at bar we are of the opinion that there is no evidence whatever tending to prove a contract, or any from which it might be legitimately inferred that there was an agreement or understanding that compensation was to be made. The services and necessaries furnished by appellee were voluntary. It is manifest that the pleasure of the society of the child was considered by the appellee as an equivalent for the cost of her support and education. *Webster, Guard.*, v. *Wadsworth*, 44 Ind. 283.

Nor do we think the assistance given by the guardian to the appellee, in the light of the other facts and circum-

stances, can be considered as tending to prove a contract, or that compensation was intended. The aid furnished was to Dora herself rather than to the appellee.

Judgment reversed, with instruction to sustain motion for a new trial.

Filed November 1, 1895.