## PETTY v. PETTY.

[No. 6,825.    Filed October 29, 1908.]

1. TRIAL.—*Special Findings.*—*Motion to Modify.*—A motion to modify the special findings is not recognized by the Indiana practice. p. 444.

2. APPEAL.—*Assignments of Error.*—*New Trial.*—*Evidence Not in Record.*—Assignments that the decision is not sustained by sufficient evidence and is contrary to law present no question on appeal, where the evidence is not in the record. p. 444.

3. DIVORCE.—*Residence.*—*Husband and Wife.*—Where a husband and his wife were in Colorado in September with the intention of making that state their home, and the wife soon afterward returned to Indiana, a suit for divorce, filed by her in Indiana in January, was premature. p. 444.

4. HUSBAND AND WIFE.—*Residence of Wife.*—Prior to separation, the domicil of the husband is the domicil of the wife. p. 445.

From Hancock Circuit Court; *Edward W. Felt,* Judge.

Suit by Maud Petty against Walter Petty. From a decree for defendant, plaintiff appeals. *Affirmed.*

*Forkner & Forkner,* for appellant.

*Walter L. Ball, Albert E. Needham* and *Frank Ellis,* for appellee.

ROBY, J.—This is a suit for divorce and alimony, and for the attachment of defendant's property, commenced in the Henry Circuit Court, the venue being subsequently changed to Hancock county. The cause being at issue, the court made a special finding of the facts and stated conclusions of law thereon.

The assignments of error, presenting the questions which are necessary to decide, are that the court erred in each conclusion of law; that it erred in overruling appellant's motion for a new trial, and her motion to modify the special finding that plaintiff was not a *bona fide* resident of the State and county for the statutory period.

1. A motion to modify special findings is not authorized by the practice in Indiana. *Windfall Nat. Gas, etc., Co.* v. *Terwilliger* (1899), 152 Ind. 364; *Tewksbury* v. *Howard* (1894), 138 Ind. 103.

2. The grounds stated in the motion for a new trial are that the decision of the court is not sustained by sufficient evidence, and is contrary to law. The evidence is not in the record, and no question is presented by these assignments. *Montmorency Gravel Road Co.* v. *Rock* (1872), 41 Ind. 263.

3. This leaves but one question to determine: Did the court err in its conclusions of law upon the facts found? The findings were substantially as follows: Plaintiff and defendant, who were married in 1896, took up their residence in Delaware county, Indiana, where they remained until 1905. Defendant, who was afflicted with tuberculosis, went to Colorado for his health in May, 1905, with "the intention of establishing a residence somewhere in the West at some future time if his health was benefited and he was otherwise suited." His wife and little daughter remained in Delaware county in charge of defendant's business interests until after the close of the public schools in June, 1905, at which time they removed their household goods and other personal property to the residence of the

plaintiff's parents in Henry county. In September, 1905, plaintiff, with her daughter, went to Denver to join defendant, with the intention of living with him in Denver, he having determined to take up his residence there. The daughter became sick on the trip, and died at a hospital shortly after arriving in Denver. The plaintiff returned to, Indiana with the body of the child, and defendant remained in Colorado. Plaintiff did not return to Denver, but took up her residence with her parents in Henry county. The plaintiff had no intention of establishing a legal residence separate and apart from her husband until after her return from Denver in September, 1905. Defendant brought suit for a divorce in Colorado in January, 1906, and plaintiff brought this suit in Indiana during the same month. These facts show that appellant and appellee were both in the city of Denver in September, 1905, with the intention of making that place their home. It was therefore the place of their residence. *McCollem* v. *White* (1864), 23 Ind. 43; *Pedigo* v. *Grimes* (1888), 113 Ind. 148. The domicil of the husband is the domicil of the wife until after separation. *Jenness* v. *Jenness* (1865), 24 Ind. 355, 87 Am. Dec. 335; *Parrett* v. *Palmer* (1893), 8 Ind. App. 356, 52 Am. St. 479. It therefore follows that "at the time of the filing of the complaint in this action the plaintiff had not been a *bona fide* resident of Hancock county for six months, and of the State of Indiana for two years."

The judgment is affirmed.